OPINION
{¶ 1} Appellant, Thomas W. Sloe, appeals from the December 2, 2003 judgment entry of the Geauga County Court of Common Pleas granting appellee's, Ric Machnics's, Russell Township Zoning Inspector's, motions for summary judgment.
 {¶ 2} On September 30, 2002, appellee filed a complaint for injunctive relief against appellant. Appellant filed an answer on November 5, 2002. On January 17, 2003, appellee filed a first amended complaint. Appellant filed an answer on March 25, 2003. On August 21, 2003, appellee filed a second amended complaint requesting that appellant be compelled to comply with the Russell Township Zoning Resolution, and praying for an injunction with regard to the following violations: the performance of auto body work; the commercial sale of motor vehicles; the outdoor storage of junk motor vehicles or parts visible from the road; parking areas not clearly marked for spaces less than thirty feet from any street line; on-site parking less than thirty feet from the road right of way; and the outside storage of motor vehicles.
 {¶ 3} On September 15, 2003, appellee filed a motion for summary judgment pursuant to Civ.R. 56. On September 30, 2003, appellant filed an answer and counterclaims seeking declaratory judgment. On October 7, 2003, appellee filed a motion for summary judgment on appellant's counterclaims. On October 29, 2003, appellant filed a brief in opposition to appellee's motions for summary judgment and a motion for summary judgment. On November 17, 2003, appellee filed a brief in opposition to appellant's motion for summary judgment.
 {¶ 4} Appellant is the owner of a parcel of real property located at 15565 Chillicothe Road, Russell Township, Geauga County, Ohio, which is zoned C-S Commercial Services. The property was previously owned by Raymond Arnold ("Arnold"), who purchased it in 1973. In February 1977, Arnold applied for a conditional variance from the Russell Township Board of Zoning Appeals ("BZA") to operate the property as a service garage subject to ten conditions. Arnold's application was granted and was subject to the following pertinent conditions: that no vehicles would be sold; that there be no outside display of merchandise; that no body work shall be performed on the premises; and that there will be no outside storage of vehicles on the property.
 {¶ 5} Appellant purchased the real property and operated his business as Russell Automotive from 1977 to 2000, knowing that it was subject to the conditional variance. In February 2000, appellant applied for a use variance from the conditional variance, asking that the conditions that no body work shall be performed on the premises and that there should be no outside vehicle storage be removed, as well as that he be allowed to sell vehicles as part of his business. At the hearing on appellant's variance request held by the BZA in April 2000, appellant stated that he had been performing auto body work inside the facility and had installed a paint spray booth.
 {¶ 6} On May 9, 2000, appellant submitted a revised request for a variance form seeking: (1) to modify the existing conditional variance to allow the sale of tires, performance of body work, and storage of vehicles on the property; (2) to modify the existing variance to permit the sale of vehicles on the premises; and, (3) a variance permitting the construction of an addition to the existing building, creating a total building area greater than 5,000 square feet.
 {¶ 7} At the May 22, 2000 hearing, appellant testified that auto repair would continue in the front of the property and the auto body operation in the back. Appellant withdrew his application for an area variance authorizing the construction of an addition and his request for permission to sell vehicles on the premises. The BZA voted to grant appellant a variance allowing the sale of tires on the premises; however, it denied appellant's request for a variance permitting the performance of body work. Appellant withdrew his request to store vehicles on the property.
 {¶ 8} At the BZA's June 26, 2000 meeting, appellant requested that he either be permitted to withdraw his request for a variance allowing the performance of body work, or, that the BZA reopen the hearing so that he could bring in experts. The BZA denied appellant's requests. Further, appellant asked that the BZA postpone the approval of the minutes of the May 22, 2000 meeting for thirty days for a legal opinion and for him to consult with his attorney. Approval of the minutes was postponed until July 24, 2000, at which time the BZA approved the findings of fact and minutes of the May 22, 2000 and June 26, 2000 hearings.
 {¶ 9} Appellant appealed the BZA's denial of his variance request to the trial court, Case No. 00 A 000754. On June 12, 2001, the trial court affirmed the BZA's decision. Appellant then appealed the trial court's decision to this court in 2002, which we affirmed. Sloe v. Russell Twp.Bd. of Zoning Appeals, 11th Dist. No. 2001-G-2369, 2002-Ohio-5150.
 {¶ 10} Appellant admitted in his deposition that he has performed auto body work on his property since 1977, and continues to do so. Appellant stated that he has placed advertisements in various telephone directories indicating that his business does auto body work. Appellant also admitted that he sells cars as part of his business and stores them outside on his property. Appellant said that he stores junk motor vehicles on his property which are visible and not screened from Route 306. In addition, appellant does not dispute that he has stored vehicles outside in parking areas, which are not marked for car spaces and less than thirty feet from the street line of Route 306, and engaged in on-site parking of vehicles less than thirty feet from the road right of way.
 {¶ 11} Pursuant to its December 2, 2003 judgment entry, the trial court granted appellee's motions for summary judgment and denied appellant's motion for summary judgment. The trial court also issued a permanent injunction against appellant regarding using or permitting the use of the subject property with respect to the following: "1. For the commercial sale of motor vehicles; 2. For the outdoor storage of junk motor vehicles so that such vehicles are visible and not screened from any public road; 3. For having any parking areas not clearly marked for car spaces; 4. For having on-site parking less than 30 feet from any road right of way; 5. For the outside storage of vehicles; 6. For performing any auto body work on the subject premises; and 7. In a manner not permitted by the Russell Township Zoning Resolution or said variance." It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 12} "[1.] The trial court erred when it granted [appellee's] [m]otions for [s]ummary [j]udgment and denied [appellant's] [m]otion for [s]ummary [j]udgment, since Russell Township completely lacks any zoning power or authority to grant conditional variances.
 {¶ 13} "[2.] The trial court erred when it granted [appellee's] [m]otions for [s]ummary [j]udgment and denied [appellant's] [m]otion for [s]ummary [j]udgment, since the doctrine of collateral estoppel or res judicata is not applicable.
 {¶ 14} "[3.] The trial court erred when it granted [appellee's] [m]otions for [s]ummary [j]udgment and denied [appellant's] [m]otion for [s]ummary [j]udgment, since [appellee has] failed to show by clear and convincing evidence that the nonconforming uses [have] been voluntarily discontinued for a period of two years or more.
 {¶ 15} "[4.] The trial court erred when it granted [appellee's] [m]otions for [s]ummary [j]udgment and denied [appellant's] [m]otion for [s]ummary [j]udgment, since Russell Township can not totally ban the sale of motor vehicles within the commercial services zone.
 {¶ 16} "[5.] The trial court erred when it granted [appellee's] [m]otions for [s]ummary [j]udgment and denied [appellant's] [m]otion for [s]ummary [j]udgment, since the general laws of the [s]tate of Ohio have pre-empted the Russell Township zoning resolution regarding the regulation of licensed motor vehicle dealers.
 {¶ 17} "[6.] The trial court erred when it granted [appellee's] [m]otions for [s]ummary [j]udgment and denied [appellant's] [m]otion for [s]ummary [j]udgment, since the definition of major body work is unconstitutional[ly] vague.
 {¶ 18} "[7.] The trial court erred when it granted [appellee's] [m]otions for [s]ummary [j]udgment since there exists a genuine issue of material fact concerning the defense of the selective discriminatory unconstitutional enforcement of the zoning regulations.
 {¶ 19} "[8.] The trial court erred when it granted [appellee's] [m]otions for [s]ummary [j]udgment since there exists a genuine issue of material fact concerning the defense of equitable estoppel barring a township from changing its interpretation and construction of provisions in its zoning resolution.
 {¶ 20} "[9.] The trial court erred when it granted [appellee's] [m]otions for [s]ummary [j]udgment since there exists a genuine issue of material fact concerning the defense of entrapment by the township.
 {¶ 21} "[10.] The trial court erred when it granted [appellee's] [m]otions for [s]ummary [j]udgment since there exists a genuine issue of material fact concerning whether or not a violation of the parking requirements provided by the zoning resolution exists.
 {¶ 22} "[11.] The trial court erred when it granted [appellee's] [m]otions for [s]ummary [j]udgment since there exists a genuine issue of material fact concerning whether or not a violation of storage requirements provided by the zoning resolution exists.
 {¶ 23} "[12.] The trial court erred when it granted [appellee's] [m]otions for [s]ummary [j]udgment since there exists a genuine issue of material fact concerning whether or not a violation of the zoning resolution prohibition against operating a business doing major auto body work has occurred."
 {¶ 24} In each of his assignments of error, appellant argues that the trial court erred by granting appellee's motions for summary judgment.
 {¶ 25} In order for a summary judgment to be granted, the moving party must prove:
 {¶ 26} "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385.
 {¶ 27} The Supreme Court stated in Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296, that:
 {¶ 28} "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifyingthose portions of the record which demonstrate the absence of a genuineissue of fact on a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 29} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 30} In his first assignment of error, appellant alleges that the trial court erred when it granted appellee's motions for summary judgment and denied his motion for summary judgment, since Russell Township lacks any zoning power or authority to grant conditional variances. Appellant presents two issues for review. In his first issue, appellant argues that townships have only the zoning power delegated to them by the General Assembly and have no inherent or constitutional police power under R.C.519.14 to grant conditional variances. In his second issue, appellant stresses that townships have only the zoning power delegated to them by the General Assembly and Russell Township has not provided for the imposition of any conditions upon a variance.
 {¶ 31} In the case at bar, in February 2000, appellant applied for a use variance from the conditional variance. Appellant asked that the following conditions be removed: that no body work shall be performed on the premises and that there should be no outside vehicle storage. Also, appellant requested that he be allowed to sell vehicles as part of his business. On July 24, 2000, the BZA held that appellant was not entitled to a use variance from his conditional variance. Again, in his administrative appeal from the BZA's decision, appellant challenged the validity of the conditional variance. On June 12, 2001, the trial court affirmed the BZA's decision.
 {¶ 32} This court, in Sloe, supra, affirmed the trial court's decision. With respect to the distinction between a conditional variance and a conditional use, we stated in Sloe, supra, at ¶ 3, that:
 {¶ 33} "[a]lthough the Russell Township Zoning Resolution as it existed in 1977 permitted the operation of a service garage as a conditional use, the [BZA] referred to its authorization of the auto parts and repair business as a "conditional variance." Historically, the BZA first used the term "conditional variance" and then later used the term "conditional use" to denote conditional use, as set forth in Section 6 of the Russell Township Zoning Resolution. Therefore, although the 1977 Russell Township Zoning Resolution authorized service garages, the BZA characterized its 1977 approval to the previous owners of the property known as Russell Automotive as a "conditional variance," rather than a conditional use. Because the BZA and the parties use the term "conditional variance," for the sake of convenience we will do the same."
 {¶ 34} In addition, this court stated in Sloe, supra, at ¶ 27-30 that:
 {¶ 35} "[i]n appellant's second assignment of error, he argues the lower court erred in affirming the BZA's decision denying his request to modify the existing variance to allow the performance of bodywork on the premises. In support of his argument, appellant argues that neither R.C.519.14, nor the Russell Township Zoning Resolution authorizes conditional variances.
 {¶ 36} "Review of the record reveals that appellant requested a modification of the existing conditional variance, ergo, appellant requested that conditions be placed on the variance. Appellant now contends that neither the BZA nor the trial court is authorized to place conditions on a variance. Because appellant requested that conditions placed on the variance be modified, he was actively responsible for a ruling he now claims to be error. The doctrine of invited error provides that a litigant may not `take advantage of an error which he himself invited or induced.' Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.
(1986), 28 Ohio St.3d 20 * * *, paragraph one of the syllabus, citingLester v. Leuck (1943), 142 Ohio St. 91 * * *, paragraph one of the syllabus. We therefore overrule appellant's second assignment of error.
 {¶ 37} "Although we overrule this assignment of error on the basis of the invitederror doctrine, we note that appellant's contention that conditional variances are per se unconstitutional lacks merit. This court has previously held that conditional variances granted by the BZA, pursuant to R.C. 519.14(C), are constitutionally permissible so long as the BZA applies and interprets existing law and does not promulgate new law. Powerall Inc., v. Chester [Twp.] Trustees (Dec. 9, 1983), 11th. Dist. No. 1037, 1983 Ohio App. LEXIS 11199, at [6].
 {¶ 38} "Further, we note that the existing Russell Township zoning resolution requires the BZA's approval of the operation of a service garage within a CS zone and specifically prohibits `major body repair' because of the potential hazards, including fire, noxious or offensive fumes, odors, and noise, associated with service garages. In this case, the BZA determined that the zoning resolution does not obligate them `to expand any condition that is noxious, disturbing, or offensive. As such, major body work would not be in accord with the overall zoning goals of Russell Township, and would adversely affect the adjacent residential property.' Accordingly, the prohibition of bodywork was a condition provided for and `specifically authorized by a zoning resolution, which was adopted by the township trustees — a legislative body.' Powerall,
[supra, at 7]. Appellant's second assignment of error lacks merit."
 {¶ 39} Here, appellant again argues that Russell Township, through its zoning inspector, appellee, had no authority to impose conditions on the variance; therefore, it is invalid. Again, pursuant to Powerall, supra, the BZA did not impose new conditions upon appellant which were not part of the existing resolution. Thus, the BZA did not create a new zoning law. As such, the BZA did not go beyond its constitutional scope of authority because it applied existing law. Based on our decision inSloe, supra, appellant is also precluded in the instant matter from challenging the validity of the conditional variance pursuant to the invited error doctrine. See Hal Artz, supra, paragraph one of the syllabus. Appellant is subject to the invited error doctrine, although, clearly, there is no constitutional error here. Because appellant requested that conditions placed on the variance be modified, he was actively responsible for a ruling that he now again claims to be error. As such, appellant's first and second issues are not well-taken. Appellant's first assignment of error is without merit.
 {¶ 40} In his second assignment of error, appellant alleges that the trial court erred when it granted appellee's motions for summary judgment and denied his motion for summary judgment since the doctrine of collateral estoppel or res judicata is not applicable. Appellant posits two issues for review. In his first issue, appellant indicates that where a judgment of a court is not dispositive of an issue that a party later seeks to litigate, collateral estoppel or res judicata is not applicable even if the prior court decision discussed the issues that are the subject matter of the current litigation. In his second issue, appellant contends that res judicata is a rule of fundamental and substantial justice, public policy, and public peace, and cannot be used by the blameworthy as a sword.
 {¶ 41} State ex rel. Brookpark Entertainment, Inc. v. Cuyahoga Cty.Bd. of Elections (1991), 60 Ohio St.3d 44, 46 states: "Collateral estoppel, an aspect of res judicata, prevents a question that has been actually and necessarily determined by a court of competent jurisdiction in a first cause of action from being relitigated between the same parties or their privies in a second, different cause of action. Goodsonv. McDonough Power Equip., Inc. (1983), 2 Ohio St.3d 193, 195 * * *." (Emphasis sic.) (Parallel citations omitted.)
 {¶ 42} Theories of res judicata are used to prevent relitigation of issues already decided by a court or matters that should have been brought as part of a previous action. "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. Bd. of Zoning Appeals (1995),73 Ohio St.3d 379, 382. Res judicata "applies to extinguish a claim by the plaintiff against the defendant even though plaintiff is prepared inthe second action (1) [t]o present evidence or theories of the case notpresented in the first action, or (2) [t]o seek remedies or forms ofrelief not demanded in the first action." (Emphasis sic.) Id. at 383.
 {¶ 43} In the case sub judice, although appellant's cause of action in the previous proceeding is different from that asserted here, the issues are identical. Collateral estoppel precludes the relitigation in a second action of an issue that has been determined in a prior action even if the second action is based on a different cause of action. Fort FryeTeacher's Assn. OEA/NEA v. State Employment Relations Bd. (1998),81 Ohio St.3d 392, 395.
 {¶ 44} In addition, appellant contends that the events and occurrences in the two actions are different in time. However, appellant admitted in his deposition that he has committed all of the violations at issue since 1977. As such, there is not a change of circumstances regarding the issue of time sufficient to avoid collateral estoppel. Because the conditional variance was at issue in appellant's previous action, he is collaterally estopped from challenging its validity here. Appellant's first and second issues are not well-taken. Appellant's second assignment of error is without merit.
 {¶ 45} In his third assignment of error, appellant stresses that the trial court erred when it granted appellee's motions for summary judgment and denied his motion for summary judgment since appellee has failed to show by clear and convincing evidence that nonconforming uses have been voluntarily discontinued for a period of two years or more.
 {¶ 46} R.C. 519.19 provides that:
 {¶ 47} "[t]he lawful use of any dwelling, building, or structure and of any land or premises, as existing and lawful at the time of enactment of a zoning resolution or amendment thereto, may be continued, although such use does not conform with such resolution or amendment, but if any such nonconforming use is voluntarily discontinued for two years or more, any future use of said land shall be in conformity with sections519.02 to 519.25, inclusive, of the Revised Code. * * *"
 {¶ 48} Here, appellant's claim of nonconforming use again challenges the conditional variance and needed to have been raised in his prior action. In his previous appeal, we held that appellant's operation of his service garage was subject to a conditional variance, which prohibits, inter alia, auto body work and the outside storage of vehicles. As such, based on Fort Frye, supra, appellant is estopped from arguing in the instant case that auto body work and the outside storage of vehicles constitute a nonconforming use. Furthermore, even assuming arguendo that appellant could claim that auto body work, the outside storage of vehicles, or any other violation, would constitute a nonconforming use, the prior nonuse of the property at issue for such purposes before the issuance of the conditional variance would preclude such argument. R.C.519.19. Appellant's third assignment of error is without merit.
 {¶ 49} In his fourth assignment of error, appellant alleges that the trial court erred when it granted appellee's motions for summary judgment and denied his motion for summary judgment since Russell Township cannot totally ban the sale of motor vehicles within the commercial services zone.
 {¶ 50} R.C. 519.02 states in part that: "[e]xcept as otherwise provided in this section, in the interest of the public health, safety, convenience, comfort, prosperity, or general welfare, the board of township trustees may, in accordance with a comprehensive plan, regulate by resolution the * * * uses of land for trade, industry, residence, recreation, or other purposes in the unincorporated territory of the township * * *."
 {¶ 51} "The purpose of a zoning ordinance is to limit the use of land in the interest of the public welfare." Smith v. Juillerat (1954),161 Ohio St. 424, 428. A township's power to regulate may include the power to prohibit a use. E. Fairfield Coal Co. v. Booth (1957),166 Ohio St. 379, 382, citing Juillerat, supra. "`[W]hether the power exists to forbid the use must not be considered abstractly, but in connection with all the circumstances and locality of the land itself and its surroundings.'" Booth, supra, at 382, quoting Euclid v. Ambler RealtyCo., 272 U.S. 365, 387.
 {¶ 52} In the instant case, based on Booth and Juillerat, supra, Russell Township's power to regulate, pursuant to R.C. 519.02, may include the power to prohibit a use. Appellant presented no evidence that Russell Township failed to consider the relevant circumstances including the locality of the land and its surroundings in enacting the prohibition in the township regarding the commercial sale of new and used motor vehicles. As such, the prohibition is presumed to be reasonable and related to the public health, safety, or general welfare of the community.
 {¶ 53} Additionally, appellant purchased the subject property in 1977, which was to operate under a conditional variance prohibiting the sale of vehicles. Appellant never appealed this finding by the BZA. We must note that in 2000, appellant applied for a variance to modify the existing variance to permit the sale of vehicles on the premises. At the May 22, 2000 hearing, appellant withdrew his application requesting permission to sell vehicles. Appellant is collaterally estopped from asserting that he should be permitted to sell vehicles on his property. Appellant's fourth assignment of error is without merit.
 {¶ 54} In his fifth assignment of error, appellant stresses that the trial court erred when it granted appellee's motions for summary judgment and denied his motion for summary judgment since the general laws of the state of Ohio have preempted the Russell Township zoning resolution regarding the regulation of licensed motor vehicle dealers.
 {¶ 55} Here, although the state of Ohio has preempted the field of licensure regarding the regulation of motor vehicle dealers, no legal authority exists which suggests that a township is precluded from prohibiting commercial motor vehicle sales as part of its land use plan. Even though appellant is a licensed motor vehicle dealer, he is not exempt from Russell Township's zoning requirements. Again, appellant was to operate his business pursuant to a conditional variance on his property, in which auto body work, outside vehicle storage, and commercial sales are prohibited. Appellant never argued before the BZA or before this court in his previous appeal that the prohibition of commercial vehicle sales in the variance was preempted by the state's licensing provisions. As such, res judicata prevents appellant from asserting that the prohibition of commercial vehicle sales and services is invalid. Appellant's fifth assignment of error is without merit.
 {¶ 56} In his sixth assignment of error, appellant contends that the trial court erred when it granted appellee's motions for summary judgment and denied his motion for summary judgment since the definition of major body work is unconstitutionally vague.
 {¶ 57} In Perez v. Cleveland (1997), 78 Ohio St.3d 376, 378, the Supreme Court of Ohio stated that:
 {¶ 58} "[i]n Grayned v. Rockford (1972), 408 U.S. 104, 108-109 * * *, the United States Supreme Court set out the following guidelines for evaluating a void-forvagueness claim:
 {¶ 59} "`Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them.' * * * Accordingly, when a statute is challenged under the due process doctrine of vagueness, a court must determine whether the enactment (1) provides sufficient notice of its proscriptions and (2) contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement. Smith v. Goguen (1974), 415 U.S. 566 * * *." (Parallel citations omitted.)
 {¶ 60} In the case at bar, appellant argues that there is no definition of "major body work" in the zoning resolution and, therefore, it is void for vagueness. We must stress that pursuant to the conditional variance, appellant is precluded from doing any body work on the premises. (Emphasis added.) As such, "minor" versus "major" body work is not even an issue here. As previously mentioned in appellant's first assignment of error, the BZA found that major body work was not in accord with Russell Township's zoning and would adversely affect adjacent residential property. Also, in appellant's previous appeal, we referenced the prohibition of major body repair in the zoning resolution as authority for the validity of appellant's conditional variance. Appellant's sixth assignment of error is without merit.
 {¶ 61} In his seventh assignment of error, appellant argues that the trial court erred when it granted appellee's motions for summary judgment since there exists a genuine issue of material fact concerning the defense of the selective discriminatory unconstitutional enforcement of the zoning regulations.
 {¶ 62} In Whitehall v. Moling (1987), 40 Ohio App.3d 66, 69-70, the Tenth District stated that:
 {¶ 63} "* * * the Supreme Court has held that the conscious exercise of some selectivity in enforcing a statute fair on its face does not in and of itself amount to a constitutional violation. Oyler v. Boles
(1962), 368 U.S. 448 * * *. In Snowden v. Hughes (1944), 321 U.S. 1 * * *, the court held that, in order for selective enforcement to amount to a denial of equal protection, an element of purposeful or intentional discrimination must be shown. Snowden, supra, at 8-9 * * *. See, also,Wayte v. United States (1985), 470 U.S. 598, 607-610 * * *. The burden of showing discriminatory enforcement is a heavy one and is not satisfied by a mere showing that others similarly situated have not been prosecuted.State v. Freeman (1985), 20 Ohio St.3d 55 * * *. In State v. Flynt
(1980), 63 Ohio St.2d 132 * * *, the Ohio Supreme Court held that, in order to demonstrate intentional or purposeful discrimination, a defendant must make at least a prima facie showing of the following:
 {¶ 64} "`"(* * *) (1) (T)hat, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. (* * *)"' Id. at 134 * * *, quoting United States v. Berrios (C.A. 2, 1974), 501 F.2d 1207, 1211." (Parallel citations omitted.)
 {¶ 65} In the case sub judice, appellant fails to make a prima facie showing that he has been singled out for prosecution and that the government's discriminatory selection of him for prosecution has been in bad faith. We must stress that appellant has been permitted to operate his business for approximately twenty-seven years under a variance granted by Russell Township. Appellant focuses on the fact that other businesses in Russell Township have not been prosecuted like he has. However, based on Whitehall and Freeman, supra, the burden of showing discriminatory enforcement is not satisfied by showing that others similarly situated have not been prosecuted. In addition, appellee testified in his deposition that he was not aware of any zoning violations of the business establishments that appellant mentions. Also, appellant failed to show that those businesses are similarly situated with respect to his business. Appellant's seventh assignment of error is without merit.
 {¶ 66} In his eighth assignment of error, appellant indicates that the trial court erred when it granted appellee's motions for summary judgment since there exists a genuine issue of material fact concerning the defense of equitable estoppel barring a township from changing its interpretation and construction of provisions in its zoning resolution.
 {¶ 67} This court stated in Studar v. Aurora City Bd. of ZoningAppeals (Dec. 7, 2001), 11th Dist. No. 2001-P-0015, 2001 Ohio App. LEXIS 5448, at 7-8, that:
 {¶ 68} "[e]quitable estoppel prevents relief when one party induces another to believe that certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment.Chubb v. Ohio Bur. of Workers' Comp. (1998), 81 Ohio St.3d 275, 279 * * *. The party raising the defense bears the burden of demonstrating its applicability. MatchMaker Internatl., Inc. v. Long (1995),100 Ohio App.3d 406, 408 * * *. Generally, the doctrine of estoppel will not prevent a local government from enforcing a zoning regulation.Hodgins v. [N.] Perry [(June 25, 1999), 11th Dist. No. 98-L-072, 1999 Ohio App. LEXIS 2943]. Equitable estoppel may be asserted against a municipality only if the municipality's agent or officer acted within his or her authority and the act actually induced reliance. Franklin Twp. v.Meadows (1998), 130 Ohio App.3d 704, 711 * * *. The municipality will be bound if the official or agent who acted was authorized to do so and the act was not illegal at the time. See Sergakis v. Busch [(Dec. 30, 1996), 10th Dist. No. 99AP-283, 1999 Ohio App. LEXIS 6467]. For reliance to be reasonable, the party claiming estoppel either did not know, or could not have known, that the municipality's conduct was misleading.Oxford v. Day [(Mar. 16, 1998), 12th Dist. No. CA96-09-183, 1998 Ohio App. LEXIS 1003]." (Parallel citations omitted.)
 {¶ 69} In the case at bar, the trial court stated in its December 2, 2003 judgment entry that: "[Appellant] also states in affidavit that previous Township zoning inspectors have made representations `regarding the continued operations of Russell Automotive as it is presenting (sic) operating' on which he relied, so that, he argues, the Township is estopped from pursuing his zoning violations. However, [appellant] does not state in affidavit who allegedly made such representations or what was allegedly said. Further [appellant] admitted in his 2000 variance request that when he purchased the property, he `knew it had a conditional variance' which prohibited auto body work and the outside storage of vehicles, so that any alleged reliance would not as a matter of law be reasonable. [Appellant] has not presented any evidence in support of his estoppel defense."
 {¶ 70} We agree. Appellant's argument is not supported by the record. Without any evidence of detrimental reliance, appellant has not demonstrated equitable estoppel. Studar, supra, at 9. Appellant's eighth assignment of error is without merit.
 {¶ 71} In his ninth assignment of error, appellant alleges that the trial court erred when it granted appellee's motions for summary judgment since there exists a genuine issue of material fact concerning the defense of entrapment by the township.
 {¶ 72} In State v. Doran (1983), 5 Ohio St.3d 187, the Supreme Court of Ohio held that entrapment relates to the inducement to commit criminal activity. The Supreme Court stated that: "[t]he defense of entrapment is established where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute." Id. at paragraph one of the syllabus. The Supreme Court further provided that: "[e]ntrapment is an affirmative defense under R.C. 2901.05(C)(2)." Id. at paragraph two of the syllabus.
 {¶ 73} Here, the instant case is civil in nature. We agree with the trial court that the preparation of appellant's application for a use variance is not, as a matter of law, criminal conduct. See, e.g., Doran,
supra. We must also note that appellant failed to raise the defense of entrapment in his answer. Therefore, this issue is not properly before us. Also, there is no evidence that appellee was instructed by township officials to put appellant out of business. In addition, appellant was represented by his own counsel, and, thus, was not subjected to rely on any alleged inducement by the former assistant prosecutor in the preparation of his application for a use variance. Appellant's ninth assignment of error is without merit.
 {¶ 74} In his tenth assignment of error, appellant alleges that the trial court erred when it granted appellee's motions for summary judgment since there exists a genuine issue of material fact concerning whether or not a violation of the parking requirements provided by the zoning resolution exists.
 {¶ 75} In its judgment entry, the trial court stated that:
 {¶ 76} "[i]t is undisputed that [appellant] has engaged in on-site parking of vehicles `less than thirty (30) feet from the road right of way, i.e., Route 306, in violation of Sec. 5.3K of the Zoning Resolution, and has had parking areas which were not clearly marked for car spaces and less than thirty (30) feet from the street line of Route 306, in violation of Sec. 4.4A. [Appellee] states in affidavit that [appellant] has had parking areas on this property which are 10 feet from the street line of Route 306. [Appellant] did not dispute this in his deposition, and simply denies in affidavit that he presently stores vehicles within the 30 foot setback.
 {¶ 77} "Further, while [appellant] admitted in deposition that the parking areas on his property are `not marked,' in his affidavit he states that `certain areas of the parking area . . . have been delineated.' This statement in his affidavit does not satisfy the requirement that all parking spaces be clearly marked."
 {¶ 78} We agree. Appellee stated in his affidavit that appellant has engaged in the on-site parking of vehicles less than thirty feet from the road right of way in violation of Section 5.3K of the Zoning Resolution. Appellee identified as exhibits photographs he took which show that appellant maintained parking areas and parked vehicles ten feet from the street line in violation of Sec. 4.4A of the Zoning Resolution. Appellee testified that appellant parked vehicles he had for sale less than thirty feet from the road right of way. Appellee also indicated that appellant has had parking areas on his property not marked for car spaces less than thirty feet from the street line.
 {¶ 79} Appellant admitted in his deposition that he had no marked spaces for cars on his property. However, appellant later stated in his affidavit that certain areas have been delineated. As such, appellant's contradictory affidavit is disregarded. Spatar v. Avon Lakes Ballroom,
11th Dist. No. 2001-T-0059, 2002-Ohio-2443. Appellant's tenth assignment of error is without merit.
 {¶ 80} In his eleventh assignment of error, appellant maintains that the trial court erred when it granted appellee's motions for summary judgment, since there exists a genuine issue of material fact concerning whether or not a violation of storage requirements provided by the zoning resolution exists.
 {¶ 81} The trial court stated in its judgment entry that:
 {¶ 82} "[Appellant] also argues that the outside storage of vehicles is part of the nonconforming use of the property. However, this argument ignores the conditional variance, which prohibits the outside storage of vehicles on the property.
 {¶ 83} "This condition prohibiting outside storage is consistent with Sec. 6.5 F.9 of the Zoning Resolution, and its predecessor, Sec. 6.2 F(9), effective 1967, both of which provide that with respect to service garages, `[a]utomobile storage, except shortterm parking for customer vehicles, shall be within an enclosed building.'
 {¶ 84} "[Appellant] admitted in deposition that he stores cars outside on the property.
 {¶ 85} "[Appellant] also admitted in deposition that he stores junk vehicles outside on his property which are not screened and are visible from Route 306, a public road.
 {¶ 86} "Pursuant to Sec. 2.26 of the Zoning Resolution, a `[j]unk [m]otor [v]ehicle' is `. . . unfit for operation as a motor vehicle.' Sec. 4.7C provides: `the outdoor storage . . . of junk motor vehicle . . . so that such vehicle(s) . . . are visible from any public road . . ., unless screened . . . so as not to be visible, shall not be permittted in the Township.' [Appellant] does not deny that this prohibition applies to him.
 {¶ 87} "* * *
 {¶ 88} "[Appellant] also argues that Sec. 4.7C * * * of the Zoning Resolution requires notice that he is storing junk motor vehicles. However, Sec. 4.7C does not require such notice. Sec. 4.7C provides that if the zoning inspector notifies an owner that a vehicle `appears to be a junk vehicle,' the owner `may provide certification by the State Highway Patrol that the vehicle is legally operable,' in which case the vehicle will not be considered a junk vehicle. This section does not require notice, and is inapplicable here because [appellee] determined the vehicles were junk vehicles; [appellant] admitted in his deposition that he had inoperable and therefore junk vehicles on his property; and [appellant] never provided such certification."
 {¶ 89} We agree. Appellee stated in his affidavit that appellant parks and stores inoperable, i.e., junk vehicles, on his property, which are visible and not screened from Route 306. Appellant admitted in his deposition that he has numerous vehicles for sale as well as inoperable vehicles stored on his property which are not screened and are visible from Route 306. As such, appellant's argument that the zoning resolution requires notice that he is storing junk motor vehicles is a non-issue. In addition, appellant's conditional variance prohibits all outside vehicle storage. Appellant's eleventh assignment of error is without merit.
 {¶ 90} In his twelfth assignment of error, appellant argues that the trial court erred when it granted appellee's motions for summary judgment since there exists a genuine issue of material fact concerning whether or not a violation of the zoning resolution prohibition against operating a business doing major body work has occurred.
 {¶ 91} In this case, appellant stresses that because he is a licensed motor vehicle dealer, he can perform auto body work. However, as previously addressed, appellant's operation of his service garage is subject to a conditional variance which prohibits auto body work. Because this court in appellant's previous appeal held that he cannot challenge the validity of the conditional variance which prohibits auto body work, he is collaterally estopped from asserting it here. Appellant's twelfth assignment of error is without merit.
 {¶ 92} Based on Mootispaw, supra, it was proper for the trial court to conclude that summary judgment was appropriate.
 {¶ 93} For the foregoing reasons, appellant's assignments of error are not welltaken. As stated in this court's judgment entry addressing appellant's motion to determine finality, the trial court's December 2, 2003 judgment entry is a final appealable order. The judgment of the Geauga County Court of Common Pleas is affirmed.
Rice, J., Nader, J., Ret. Eleventh Appellate District, sitting by assignment. concur.