OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, George Teachout, appeals from a judgment of the Trumbull County Court, Central Division, finding him in violation of a Johnston Township Zoning regulation. For the reasons that follow, we affirm.
 {¶ 2} Appellant owned property located at 5804 State Route 5, in Johnston Township, Ohio. On April 5, 2004, a criminal complaint was filed in the Trumbull County Court, Central Division, alleging that appellant had violated Johnston Township Zoning regulation § 519.23. Specifically, the complaint maintained that appellant had violated § 519.23 by storing miscellaneous items on his property. These items included abandoned or wrecked automobiles, old trailers, unused farm equipment, discarded tires and cinder blocks, and other refuse.
 {¶ 3} This matter proceeded to a bench trial. The Johnston Township Zoning Inspector and appellant testified at trial. The zoning inspector provided testimony with respect to the condition of appellant's property and appellant's violation of § 519.23. During the zoning inspector's testimony, the state introduced and admitted photographic evidence of the debris that had accumulated on appellant's property. Based upon the condition of the property, the zoning inspector testified that appellant had violated § 519.23, which was enacted in 1982.
 {¶ 4} Appellant testified that he purchased the property in 1977. His testimony revealed that he immediately began using the property as storage space. Appellant stated that he allowed individuals to store various items for a storage fee. Moreover, appellant testified that he stored and sold farm equipment from his property. Appellant stated that when § 519.23 was enacted in 1982, he requested that his property be zoned commercial. His request was granted.
 {¶ 5} Although appellant testified that his use of the property for storage fees and farm equipment sales was continuous, he conceded that much of the debris was simply abandoned on his property without his consent. He also stated that due to physical limitations, he was unable to properly maintain his property. Nevertheless, appellant argued that he did not violate § 519.23, as he had established a nonconforming use exception.
 {¶ 6} On October 6, 2004, the court found appellant in violation of §519.23 and issued a fine of $100 plus court costs. From this judgment, appellant filed a timely notice of appeal and now sets forth the following assignment of error:
 {¶ 7} "The trial court was in error in not finding Defendant-Appellant's use of his land was a nonconforming use and exempt from zoning regulations in Johnston Township."
 {¶ 8} Under his sole assignment of error, appellant contends the trial court erred by failing to find a nonconforming use exception to § 519.23. Specifically, appellant maintains that the evidence showed his legal use of the property for storage fees and for farm equipment sales was established prior to the 1982 enactment of § 519.23. He further argues that these uses were continuous in nature. Thus, appellant concludes that he established a nonconforming use which created an exemption to § 519.23.
 {¶ 9} The relevant portion of § 519.23 prohibits the following:
 {¶ 10} "Junk Yards, automobile grave yards or places for the (collection for sale of scrap metal, paper, rags, glass salvage or junk for salvage or storage purposes, except where this [is] an integral part of a manufacturing process). No abandoned, wrecked, unused, inoperable, dismantled or unlicensed vehicle is allowed to be stored in an exposed manner on any property, farm equipment, aircraft, boats, refrigerators, washers, dryers, commodes, white ware or any other unsightly materials shall be permitted to remain exposed on the premises."
 {¶ 11} The purpose of a zoning regulation is to limit the use of land in the interest of public welfare. See, e.g., Machnics v. Sloe, 11th Dist. No. 2004-G-2554, 2005-Ohio-935, at ¶ 51. A township's power to enact zoning regulations includes the authority to regulate use. Id. Here, under § 519.23, Johnston Township enacted a zoning regulation to prohibit the use of land for exposed storage of abandoned/inoperable vehicles or other unsightly materials.
 {¶ 12} However, a nonconforming use may create an exception to a township's zoning regulation. To qualify as a nonconforming use, the landowner must establish "a lawful use of property in existence at the time of enactment of a zoning resolution which does not conform to the regulations under the new resolution." Aluminum Smelting RefiningCo., Inc. v. Denmark Twp. Zoning Bd. of Zoning Appeals, 11th Dist. No. 2001-A-0050, 2002-Ohio-6690, at ¶ 14. A landowner may be denied the right of a nonconforming use if he or she discontinues the use for a period of time after the new zoning regulation is enacted. Id., citingAkron v. Chapman (1953), 160 Ohio St. 382, 386-387. Generally, the law does not look favorably upon nonconforming uses. Aluminum Smelting Refining Co., Inc., at ¶ 14.
 {¶ 13} That being said, the state had the initial burden of proving that appellant was the owner of the land and that appellant's use of the land was prohibited. State v. Echols (Dec. 10, 1993), 11th Dist. No. 89-G-1544, 1993 Ohio App. LEXIS 5919, at 9. If the state carries this burden of proof, the burden then shifts to appellant to establish a nonconforming use. Id.
 {¶ 14} In the instant case, via the zoning inspector's testimony and the photographic evidence, the state satisfied its initial burden of proving appellant owned the land at issue and that his storage of refuse on the land violated § 519.23. Accordingly, the burden to establish a nonconforming use shifted to appellant.
 {¶ 15} Appellant's testimony demonstrated that various exposed items on his property were being used for the original purpose of storage fees and farm equipment sales. However, the majority of the items were merely abandoned on appellant's property without his consent. In particular, appellant testified that large piles of exposed cinder blocks and tires had been left on his property without his knowledge and he had been unable to remove this debris from his property. Also abandoned on his property were inoperable vehicles. Appellant stated that because he did not know the identity of the individuals who had abandoned various items, he could not obtain and transfer title to sell or remove the items.
 {¶ 16} The collection of exposed and abandoned items, which were left on appellant's property without his knowledge, does not correspond with the alleged nonconforming use for storage fees and farm equipment sales. In short, appellant has allowed his land to become a refuge for abandoned property. This use is outside the scope of the alleged nonconforming use for storage fees and farm equipment sales. Therefore, appellant has failed to establish a lawful nonconforming use with respect to the abandoned and exposed items. Appellant's sole assignment of error is without merit.
 {¶ 17} Based upon the foregoing analysis, appellant's assignment of error is without merit. We hereby affirm the judgment of the Trumbull County Court, Central Division.
O'Neill, O'Toole, concur.