OPINION
{¶ 1} Appellant, Richard J. Liddy, Sr., appeals his conviction for the illegal manufacture of methamphetamine, a controlled substance. At issue is whether inaudible gaps in the testimony that appeared in the original trial transcript, but which were later corrected by the trial court in a supplemental trial transcript, violated appellant's right to due process. For the reasons that follow, we affirm.
 {¶ 2} The testimony at trial demonstrated that on August 15, 2005, appellant was involved with others in the manufacture of methamphetamine at the Tip Top Motel *Page 2 
in Perry Township, Ohio. Appellant, along with others, had purchased chemicals with the intent to bring them back to a lab operated at the motel to manufacture the drugs. He then used these chemicals in manufacturing the methamphetamine. Appellant's arrest resulted from a combined investigation conducted by the Lake County Narcotics Agency and the United States government.
 {¶ 3} On February 3, 2007, appellant was indicted for one count of illegal manufacture of methamphetamine, a schedule II controlled substance, a felony of the second degree, in violation of R.C. 2925.04, and one count of illegal assembly or possession of chemicals with the intent to manufacture drugs, a felony of the third degree, in violation of R.C. 2925.041. The case was tried to a jury which returned a verdict of guilty on both counts.
 {¶ 4} At his sentencing, evidence was presented that appellant was actively involved in methamphetamine labs prior to the crimes charged in this incident. Appellant had involved his children in the use, illegal manufacture and sale of methamphetamine. Appellant committed the crimes in the case sub judice as part of an organized criminal activity with at least four people. While appellant maintained he was a mere user, the evidence demonstrated he was involved in every step of the manufacture of this drug and had extensive knowledge concerning its manufacture. Appellant had previously been convicted of grand theft, vandalism, felony escape, domestic violence, and petty theft. Appellant abuses drugs and has refused to acknowledge his problem or to accept treatment. The court commented on the overwhelming nature of the evidence presented against appellant at trial. *Page 3 
 {¶ 5} The trial court merged the two offenses for sentencing, and sentenced appellant to eight years in prison. Appellant appeals his conviction asserting the following two assignments of error:
 {¶ 6} "[1] DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS WAS VIOLATED WHERE THE TRIAL COURT FAILED TO PRESERVE THE RECORD OF HIS CRIMINAL PROCEEDING IN VIOLATION OF THE 5th AND 14th AMENDMENTS OF THE U.S. CONSTITUTION AND RULE 22 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
 {¶ 7} "[2] THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO TAKE CURATIVE STEPS TO PRESERVE THE TRIAL RECORD FOR APPELLATE REVIEW, IN VIOLATION OF THE OHIO AND U.S. CONSTITUTIONS."
 {¶ 8} Because the issues raised in the two assignments of error are interrelated, they will be considered together.
 {¶ 9} On September 13, 2006, appellant filed a "motion to waive ineffective court appointed appellate counsel request self representation" (sic). On September 28, 2006, this court construed this motion as a request to proceed in this appeal pro se and granted the motion.
 {¶ 10} On October 23, 2006, appellant filed a motion to correct certain deficiencies in the trial transcript pursuant to App.R. 9(E). He argued that because the trial was recorded by audiotape and there were over 400 instances where the word "inaudible" appears in the transcript, he was not provided a complete transcript. He argued this affected his ability to recognize errors on appeal. By journal entry, dated January 26, 2007, this court granted appellant's motion, and, pursuant to App.R. 9(E), *Page 4 
remanded the case to the trial court to conduct a hearing to determine whether any omissions in the transcript could be corrected to indicate the substance of the inaudible gaps in the testimony. This court ordered: (1) trial counsel for the state and appellant to attend the hearing; (2) the trial court to decide whether the transcript could be corrected; (3) and the trial court to issue a journal entry indicating whether any corrections could be made, and, if so, setting forth any such corrections.
 {¶ 11} On February 1, 2007, the state moved the trial court for a hearing to correct any deficiencies in the trial transcript pursuant to this court's January 26, 2007 remand. On February 6, 2007, the trial court granted the state's motion; ordered trial counsel to meet and agree on as many inaudibles as possible; and scheduled the matter for hearing on February 16, 2007 to address any inaudibles on which the parties could not agree.
 {¶ 12} On February 13, 2007, appellant filed in the trial court a "motion of opposition to the state's motion for a hearing," arguing that due to the numerous inaudibles in the transcript, such a hearing would be futile. The trial court denied the motion on February 20, 2007.
 {¶ 13} On February 16, 2007, the court held an initial hearing to consider corrections to the transcript. At this hearing the court and trial counsel for the state and appellant agreed to review the audiotape of the trial and prepare proposed supplements to fill in the substance of the inaudibles.
 {¶ 14} On February 22, 2007, the trial court filed a journal entry in which it stated that appellant was provided with a computer compact disc of the jury trial and a copy of counsel's proposed corrections to the transcript and that if appellant had any objections *Page 5 
to the proposed corrections, they were to be filed within ten days of the date of the entry.
 {¶ 15} On March 2, 2007, appellant filed his objection to the proposed supplements, arguing that the trial transcript could not be corrected and that "any defect * * * in the original transcript in the form of `no response heard,' * * * `inaudible' and `partly inaudible' constitutes a denial of due process relative to right [sic] to complete record of proceedings and deprivation of right to appellate review of his claim."
 {¶ 16} On March 5, 2007, the trial court continued the hearing at which appellant and trial counsel for the state and appellant were present. The trial court permitted appellant to leave prison to attend the hearing. During the hearing, instead of attempting to assist in correcting the transcript, appellant told the court it would be impossible to correct the transcript and objected to any attempt to correct it. He told the court: "I'm gonna strike any proposed corrections to the record." The trial court in its entry, dated March 6, 2007, captioned, "Correction and Supplementation of the Record on Appeal, Pursuant to Appellate Rule 9(E)," stated as follows:
 {¶ 17} "[T]he defendant, from the start of the hearing, was disorderly, spoke non-stop over the judge, refused to answer any of the judge's questions, refused to explain himself and any objections he may have to the joint stipulation of the trial attorneys in the case, repeatedly questioned the court, refused to proceed with the hearing * * *, refused to place into the record anything he wanted to include in the transcript to accentuate his anticipated assignments of error, and generally impeded the conduct of the hearing. When the defendant refused to stop talking, the court had him removed and completed the hearing with trial counsel present." *Page 6 
 {¶ 18} With respect to the reason for the inaudibles, the trial court stated in its March 6, 2007 entry, as follows:
 {¶ 19} "The court determined that the problem with the initially high number of notations of "inaudible" or "unintelligible" stems from the quality of the earphones or speakers that the court reporter used in listening to the audio to transcribe the record. The earphones and speakers used by the court and counsel revealed that 90% or more of the inaudible or unintelligibles were actually audible and intelligible. Accordingly, of the 126,400 words contained in the transcript, a total of about 60 to 90 words at 30 or so locations in the record remain unintelligible or inaudible (two or three words at most at each location) from the digital audio and the court is not capable of supplying the missing words.
 {¶ 20} "* * * Based upon the context of the missing words, the court has determined that the missing words are largely inconsequential to a determination of the probable issues on appeal in the case. * * *"
 {¶ 21} Trial counsel for the parties prepared a stipulation concerning corrections of the transcript. Following this hearing, the trial court prepared a corrected, supplemental transcript that reflected the stipulated corrections. The trial court in its March 6, 2007 entry stated that the supplemental transcript was a true, accurate, and complete transcript of the proceedings, as determined from the digital audio record taken at the time of the trial and upon the stipulation of the trial attorneys for the parties.
 {¶ 22} It is the duty of an appellant to ensure that the record or whatever parts thereof are necessary for the determination of the appeal are filed with the appellate court. State v. Boughner (Dec. 17, 1999), 11th Dist. No. 98-G-2161, 1999 Ohio App. LEXIS 6116, *28. An appellant has the duty to exemplify any alleged errors by *Page 7 
reference to the record. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Where an appellant chooses to file a transcript in order to exemplify errors in the record, he has a duty to file a transcript that is adequate for an appellate court to review. State v.Beltowski, 11th Dist. No. 2006-L-032, 2007-Ohio-3372, at ¶ 21.
 {¶ 23} The duty to provide a transcript for appellate review falls upon the appellant. This is so because he has the burden of showing error by reference to the record. Knapp, supra, at 199. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id.;Djurich v. LaHood (1990), 66 Ohio App.3d 332, 334.
 {¶ 24} The duty to exemplify error is usually satisfied by filing a verbatim transcript pursuant to App.R. 9(B). However, if a transcript is unavailable, an appellant has an obligation to provide a narrative statement of the evidence pursuant to App.R. 9(C), an agreed statement of the record under App.R. 9(D), or a correction or supplementation of the record pursuant to App.R.9(E) where material omissions have occurred by error or accident. State v. Griffin (Dec. 21, 1989), 8th Dist. No. 57673, 1989 Ohio App. LEXIS 5164, *2. App. R. 9(E) provides:
 {¶ 25} "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may *Page 8 
direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. * * *"
 {¶ 26} Crim.R. 22 provides that all proceedings shall be recorded in all serious offense cases. That rule provides in pertinent part: "In serious offense cases all proceedings shall be recorded. * * * Proceedings may be recorded in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device."
 {¶ 27} The requirement of a complete transcript does not mean that the transcript must be perfect for appellate review. State v. Palmer (1997),80 Ohio St.3d 543, syllabus. Thus, an adequate transcript does not mean a perfect transcript. Beltowski, supra, at ¶ 23.
 {¶ 28} This court addressed facts similar to those presented here inBeltowski, supra. In that case the recording device used by the trial court to record testimony at trial was not sufficiently sensitive, and resulted in a trial transcript that had 437 gaps in the testimony. This court held:
 {¶ 29} "Where the trial court has produced a faulty recording and an adequate transcript cannot be obtained from the recording, appellate counsel should avail himself of the procedures spelled out in App.R. 9(E) and seek the intercession of the trial court to rectify the problem and, failing that, this court will, if necessary, invoke the procedures under App.R. 9(E) to ensure the adequacy of the record." Id. at ¶ 27.
 {¶ 30} The failure of recording equipment in the trial court does not result in prejudice per se. Id. at ¶ 30. In addition to showing gaps in the transcript, an appellant must show that he was prejudiced by the faulty recording. Id. at ¶ 28. The Fourth District has held: "Absent a showing that the failure to preserve portions of trial *Page 9 
testimony prejudiced his appeal appellant is not entitled to reversal."State v. Peck (Dec. 15, 1988), 4th Dist. No. 1361, 1988 Ohio App. LEXIS 5058, *6.
 {¶ 31} This court in Beltowski provided examples of prejudice in this context. This court held that prejudice may be demonstrated where other assignments of error are not reviewable without consideration of the gaps in the testimony. An example occurs where an appellant assigns as error the admission of hearsay evidence, but the testimony itself is inaudible. Finally, where gaps in the testimony occur during the voir dire of the jury, but the appellant had no objection to: 1. the answers given by the prospective juror; 2. any juror being excused or seated; or 3. the jury selection process, no prejudice can be inferred. Id. at ¶ 29-32.
 {¶ 32} In Beltowski, this court held that where the court remanded the case to the trial court to create an amended transcript; the defendant was given an opportunity to review the original transcript and to make corrections and objections to the amended transcript; an amended transcript had been filed; and the trial court found the amended transcript complied with this court's order of remand, the appellant was not prejudiced by any inadequacies in the original transcript. Id. at ¶ 35.
 {¶ 33} The record here reveals that this court, upon appellant's suggestion that the transcript contained numerous inaudible gaps, remanded the case to the trial court to correct those gaps to the extent it was possible to do so. The trial court meticulously followed our remand, and, after a hearing at which trial counsel for the state and appellant and appellant himself were present and pursuant to the stipulation of trial counsel, corrected the record. The trial court in its March 6, 2007 entry certified the supplemental transcript to be true, accurate, and complete. We hold that appellant was therefore not prejudiced by the flaws in the original trial transcript. *Page 10 
 {¶ 34} Appellant has not shown that he was prejudiced by the existence of any of the inaudibles in the transcript. He did not argue that any specific gap prevented him from asserting error. He did not assert any assignment of error which could not be considered due to gaps in the transcript. He did not object to any question posed to a prospective juror or to the seating or excuse of a prospective juror. On appeal he does not argue that if any inaudible or other gap were filled in, it would evidence error. Nor does appellant object to any particular supplement. In essence, he argues that the mere existence of gaps in the trial transcript per se resulted in a violation of his due process rights and an abuse of discretion. Based upon the authority set forth, supra, we do not agree.
 {¶ 35} Appellant argues that due to the existence of over 400 inaudibles, "it is impossible for [him] to advance legal theories * * *." Because the trial court followed this court's remand order and corrected the record pursuant to App.R. 9(E), appellant's argument is moot. His admitted inability to demonstrate any prejudice defeats his assigned errors.
 {¶ 36} Further, appellant actually moved this court for an order to correct the transcript. This court granted the motion and remanded the case to the trial court to correct the transcript, pursuant to App.R.9(E). Appellant now argues that the trial court erred in correcting the transcript.
 {¶ 37} Because appellant requested that the trial transcript be corrected, he was actively responsible for a ruling he now claims to be error. The doctrine of invited error provides that a litigant may not take advantage of an error which he himself invited or induced.Machnics v. Sloe, 11th Dist. No. 2004-G-2554, 2005-Ohio-935, at ¶ 36;State v. Doss, 8th Dist. No. 84433, 2005-Ohio-775, at ¶ 9. *Page 11 
 {¶ 38} Appellant's argument that there turned out to be more inaudibles than he originally thought is not persuasive because, even in his original motion to correct the transcript, appellant stated there were over 400 inaudibles in the transcript.
 {¶ 39} Appellant argues that because testimony of a juror that certain of his acquaintances or relatives are police officers was supplemented without his personal participation, on appeal he is unable to determine jury bias. However, appellant has not cited any specific supplement on this issue to which he has an objection. Moreover, appellant did not object to any answers of this juror or to his participation as a juror.
 {¶ 40} Appellant argues that the use of a tape recording is never sufficient to record a serious criminal trial. Crim. R. 22 specifically provides for recording the trials of serious offense cases by electronic, mechanical or video recording devices. We also note that appellant has not cited any authority in support of this argument.
 {¶ 41} We hold that appellant's due process rights were not violated by the procedures followed by the trial court in following our remand. Further, the trial court's use of a tape recorder to record the trial did not represent an abuse of its discretion. The fact that there may have been one previous occurrence in a prior, unrelated case in which the voice of a witness went "in and out" is hardly evidence that tape recording is an inherently unreliable means of recording a trial. In any event, the fact that Crim.R. 22 specifically authorizes the use of recording devices demonstrates the trial court's use of same did not constitute an abuse of discretion.
 {¶ 42} Following the trial court's hearing on remand after this court granted appellant's motion to correct the record, appellant moved for leave to file three supplemental assignments of error. We granted the motion. Appellant states for his first supplemental assignment of error as follows: *Page 12 
 {¶ 43} "THE TRIAL COURT DENIED MR. LIDDY'S RIGHT TO SELF-REPRESENTATION, WHERE THE COURT ORDERED THAT HE BE REMOVED FROM THE COURT IN VIOLATION OF THE 6th AND 14th AMENDMENT (SIC). FARETTA V.CALIFORNIA, 422 U.S. 806, 819, (1975)"
 {¶ 44} Under this assignment of error, appellant argues that because the trial court caused his trial counsel to attend the hearing to correct the record and further because the court removed appellant from the courtroom during the hearing, his right to waive counsel was violated. We do not agree.
 {¶ 45} In our order granting appellant's motion to correct the transcript, we ordered that appellant's trial counsel be present, not to represent appellant, but rather to assist the court in correcting the transcript. The trial court stated on the record that appellant was "in Court representing himself." The trial court had appellant's trial counsel attend the hearing pursuant to our order. We therefore hold the court did not err in causing defense counsel to attend for this purpose.
 {¶ 46} During the proceedings appellant became argumentative with the court and attempted to obstruct the proceedings. Appellant argues that because we had previously entered an order granting his motion to proceed pro se, the trial court violated that order by removing him and excluding him from further participation.
 {¶ 47} Our review of the record reveals that appellant constantly interrupted the judge, refused to answer his questions, refused to explain or support his objections, attempted to bait and provoke the judge, and in general was argumentative during the hearing.
 {¶ 48} The judge repeatedly warned appellant to cease his disruptive behavior, but appellant persisted. He refused to participate in the process of correcting the *Page 13 
transcript, and told the court, "I'm gonna strike any proposed corrections to the record." He told the judge, "I don't want to play a part of this supposed, proposed correction."
 {¶ 49} Thus, in spite of this court's order instructing the trial court to correct the record, appellant refused to assist the court in that endeavor and in fact attempted to obstruct its efforts.
 {¶ 50} Crim.R. 43(B) provides: "Where a defendant's conduct in the courtroom is so disruptive that the hearing or trial cannot reasonably be conducted with his continued presence, the hearing or trial may proceed in his absence, and judgment and sentence may be pronounced as if he were present. * * *"
 {¶ 51} "When a defendant's conduct in the courtroom is so disruptive that a hearing or trial cannot reasonably proceed, the trial court has the discretion to order the defendant removed and may proceed with the trial or hearing in his absence." State v. Green (Nov. 19, 1992), 8th Dist. No. 61432, 1992 Ohio App. LEXIS 5861, *9. It is thus within the trial court's discretion to determine if a defendant's conduct requires his removal.
 {¶ 52} In light of appellant's disruptive behavior during the hearing, we hold the trial court acted well within its discretion in removing appellant from the courtroom so that the hearing could proceed pursuant to this court's mandate.
 {¶ 53} Appellant's first supplemental assignment of error is without merit.
 {¶ 54} Appellant's second supplemental assignment of error provides:
 {¶ 55} "THE TRIAL JUDGE COMMITTED A JUDICIAL MISCONDUCT [SIC] TO THE PREJUDICE OF APPELLANT WHERE THE JUDGE EXHIBITED VINDICTIVENESS, PARTIALITY WITH COMPLETE DISREGARD FOR THE TRUTH *Page 14 
AND APPELLANT'S SUBSTANTIAL RIGHTS IN VIOLATION OF THE DUE PROCESS CLAUSE AND THE CODE OF JUDICIAL MISCONDUCT."
 {¶ 56} Under this assignment of error, appellant argues that because the trial judge advised him that the trial court rather than this court had the right to correct its record and because the trial judge appeared to favor the prosecution, he was denied a "fair trial or proceeding." However, appellant has not drawn our attention to anything in the record which would support this argument. In fact, the sections of the transcript appellant cites in support actually demonstrate the court's neutrality. On one occasion when the prosecutor requested to be heard on an issue, the judge refused that request.
 {¶ 57} Our review of the transcript reveals that the court treated both parties fairly and did not display bias or prejudice in favor of either.
 {¶ 58} Finally, we do not agree with appellant's argument that the trial court's denial of a history of problems with the court's recording system constitutes "perjury" or that the court's decision to use a recording device to record all proceedings amounts to "fraud" and "judicial recklessness."
 {¶ 59} Appellant's second supplemental assignment of error is without merit.
 {¶ 60} For his third supplemental assignment of error, appellant asserts:
 {¶ 61} "APPELLANT WAS DENIED FAIR TRIAL [SIC] BY THE STATE'S FAILURE TO ADHERE TO THE APPELLATE COURT'S MANDATE TO CORRECT THE RECORD WITH THE PARTICIPATION OF APPELLANT'S COUNSEL."
 {¶ 62} Appellant next argues that because he was removed from the courtroom, the corrected transcript prepared by the trial court must be stricken as unreliable.
 {¶ 63} We have fully addressed the trial court's right to remove appellant from the courtroom in our analysis of appellant's first supplemental assignment of error. Further, *Page 15 
appellant's trial counsel and the state stipulated to the corrections made in the transcript. The trial court explained that most of the inaudibles occurred due to the court reporter's faulty ear phones, rather than any flaws on the tape. Finally, appellant has not cited one example where the correction of an inaudible portion of the transcript was erroneous.
 {¶ 64} Appellant's third supplemental assignment of error is without merit.
 {¶ 65} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
 COLLEEN MARY OTOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1