OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, William Godale, d.b.a. Texaco Gas Station, appeals from a judgment entry of the Geauga County Court of Common Pleas, denying his motion for a new trial and amended motion for relief from judgment. For the reasons that follow, we reverse the trial court's judgment and remand this matter for further proceedings.
 {¶ 2} The instant appeal originates from a permanent injunction issued by the Geauga County Court of Common Pleas on July 2, 1982, prohibiting the use of appellant's property as a junkyard.[1]
 {¶ 3} On December 6, 2000, appellee, Chester Township Board of Trustees, filed a motion asking the trial court to order appellant to show cause why he should not be held in contempt for violating the aforementioned permanent injunction. After submitting a brief in opposition, appellant filed a motion to modify the injunction which the trial court denied. Appellant, however, subsequently filed another motion seeking relief from the injunction, or in the alternative, a motion for reconsideration.
 {¶ 4} The trial court conducted a hearing on February 25, 2002. On March 21, 2002, the trial court issued a written judgment entry denying appellant's motion for relief from judgment and/or motion for reconsideration and found him guilty of civil contempt. As punishment, the trial court sentenced appellant to serve sixty days in the Geauga County Jail and to pay a $500 fine. The court, however, stated that appellant may purge himself of the contempt by doing the following: (1) removing all of the motor vehicles, except those vehicles used daily by appellant or his employees, from the property on or before April 27, 2002; (2) removing all "junk" from the property on or before April 27, 2002; and (3) permitting regular inspections of the property not to exceed one inspection per month for five years from the date of the judgment entry.
 {¶ 5} On April 19, 2002, appellant filed a timely appeal with this court, challenging the trial court's denial of his motion to modify the injunction and its finding of contempt. While the April 19, 2002 appeal was still pending, appellant, acting pro se, filed a motion for a new trial with the trial court on November 7, 2002. Thereafter, on November 8, 2002, appellant filed an amended motion for relief from judgment with the trial court. Both motions disputed the validity of the 1982 injunction based upon newly discovered evidence.
 {¶ 6} On December 3, 2002, the trial court issued a judgment entry denying appellant's motion for a new trial and amended motion for relief from judgment. In doing so, the trial court determined that: (1) the evidence presented by appellant was not "newly" discovered; (2) the evidence failed to support either of appellant's motions; and (3) appellant's motions represented an attempt to have issues re-visited as an untimely substitute for appeal.
 {¶ 7} Following the December 3, 2002 judgment, appellant obtained legal representation and filed a timely notice of appeal of the December 3, 2002 judgment entry. Such appeal was taken while appellant's previous appeal of the March 21, 2002 judgment was still pending. Appellant now sets forth the following two assignments of error for our consideration:[2]
 {¶ 8} "[1.] The trial court erred in upholding a twenty year old injunction when it had not been enforced since 1983.
 {¶ 9} "[2.] The lower court erred as a matter of law in that its denial of Defendant-Appellant William Godale's motion for relief from judgment is against the manifest weight of the evidence."
 {¶ 10} We first note that appellant's instant appeal is taken from the trial court's December 3, 2002 judgment entry denying his amended motion for relief from judgment and motion for a new trial. With respect to his amended motion for relief from judgment, Civ.R. 60(B) provides the exclusive procedure by which a trial court may revisit its own judgment. Cuyahoga SupportEnforcement Agency v. Guthrie, 84 Ohio St.3d 437, 439,1999-Ohio-362.
 {¶ 11} Nevertheless, "[a]s a general proposition, once an appeal has been taken from a judgment of a trial court, that court only retains the authority to take actions which are not inconsistent with the jurisdiction of the appellate court; in other words, the trial court is divested of all jurisdiction except to act in aid of the appeal." Willoughby-Eastlake CitySchool Dist. v. Lake Cty. Court of Common Pleas (Apr. 21, 2000), 11th Dist. No. 99-L-130, 2000 Ohio App. LEXIS 1758, at 9, citingMcAuley v. Smith (1998), 82 Ohio St.3d 393, 395.
 {¶ 12} Accordingly, the Ohio Supreme Court has specifically held that the taking of an appeal deprives a trial court of the jurisdiction to rule upon a Civ.R. 60(B) motion for relief from judgment. Howard v. Catholic Social Srvs. of Cuyahoga Cty.,Inc., 70 Ohio St.3d 141, 147, 1994-Ohio-219. "Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion." Id.
 {¶ 13} Furthermore, because the pendency of an appeal prevents the trial court from entertaining a Civ.R. 60(B) motion, it necessarily follows that an appeal tolls the one-year time limitation until the appeal is decided. See, e.g., Wells v.Spirit Fabricating Ltd. (1996), 113 Ohio App.3d 282, 290. In the instant case, appellant's amended motion for relief from judgment was filed within a reasonable time and within the one-year time limitation stated in Civ.R. 60(B).[3]
 {¶ 14} Notwithstanding appellant's timely filing of his amended motion for relief from judgment, it is clear that the trial court was without jurisdiction to rule upon such motion. This is because that motion did not act to aid in the original appeal of the March 21, 2002 judgment, and there had been no remand by this court for consideration of either motion. As a result, the trial court's judgment entry denying appellant's amended motion for relief from judgment and motion for a new trial was null and void. See, e.g., Wells at 290, citing Reesev. Proppe (1981), 3 Ohio App.3d 103, 104.
 {¶ 15} It appears that appellant's motion for a new trial was not filed in a timely manner. Under Civ.R. 59(B), a motion for a new trial "shall be served not later than fourteen days after the entry of the judgment." Here, appellant's motion for a new trial was filed on November 7, 2002, well beyond the fourteen-day time limit which began to run at the issuance of the March 21, 2002 judgment entry.
 {¶ 16} However, jurisdiction is jurisdiction. Because the trial court's judgment entry denying both the amended motion for relief from judgment and motion for a new trial was null and void, that portion of the entry denying appellant's motion for a new trial is void ab initio.
 {¶ 17} Based upon the foregoing analysis, the December 3, 2002 judgment entry is null and void. Accordingly, we hereby reverse the judgment of the trial court, and remand this matter for further proceedings consistent with this opinion.
O'Neill, J., Grendell, J., concur.
[1] Appellant is the sole employee and officer of Master Realty, a company owning property located at 8216 Mayfield Road, Chesterland, Ohio.
[2] Following appellant's appeal of the trial court's December 3, 2002 judgment entry, this court rendered judgment with respect to appellant's March 21, 2002 judgment entry. We affirmed the judgment of the trial court denying appellant's motion to modify the injunction and finding of contempt.
[3] Specifically, Civ.R. 60(B) allows a party to file a motion for relief from judgment based upon newly discovered evidence within a reasonable time and within one year of the trial court's judgment entry. Appellant's amended motion for relief from judgment was filed on November 7, 2002, which was reasonable, and was within one year of the trial court's March 21, 2002 judgment entry.