OPINION
{¶ 1} Appellant, William Godale, appeals from a judgment of the Geauga County Court of Common Pleas, granting summary judgment in favor of appellee, the Chester Township Board of Trustees ("the Board"), Michael J. Joyce, Patricia Mula, Michael Bear, and James A. Montague. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On February 20, 1981, the Board filed a complaint for injunctive relief and damages against, inter alia, appellant. The complaint alleged that appellant was an owner or occupier of residential and/or agricultural premises within Chester Township who caused, allowed, or suffered the continuance of the storage of unlicensed and/or abandoned motor vehicles, junk and/or litter, on his property in violation of the zoning resolution of Chester Township. According to the complaint, the existence of the junk and/or litter was a nuisance and threat to the health, safety, or welfare of the residents of the community.
 {¶ 3} Neither appellant's answer in that matter nor a trial transcript has been made part of the record in this matter. After conducting a trial on June 3, 1982, the trial court issued a judgment entry, dated July 2, 1982, permanently enjoining appellant "d/b/a Texaco Gas Station, 8216 Mayfield Road, Chester Township * * *, his agents, servants, employees,heirs, successors and assigns, attorneys and those persons in active concert or participation with him who receive actual notice of this order * * * shall immediately remove and refrain from causing or allowing to exist on said premises any abandoned or junk motor vehicles, debris or litter in violation of the Chester Township Zoning Resolution and/or the Ohio Revised Code; and shall remove and refrain from causing or allowing to exist on said premises no more than two unlicensed motor vehicles at any time, and unless said unlicensed motor vehicle is used in the business operations of [appellant], no unlicensed motor vehicle shall be on the premises for more than seven days before being permanently removed from the premises; and [appellant] shall further cause the relocation and situation upon the premises of all vehicles and trailers in an orderly and neat manner, and shall refrain from allowing to exist on the premises any more than one unlicensed trailer and one licensed `cab-over' truck, which, when on the premises, shall be neatly arranged, on an area suitably covered with asphalt or other acceptable `pad' so as to be the least visible from the fronting highway." (Emphasis added.)
 {¶ 4} On May 21, 1984, the trial court issued a judgment entry finding appellant in contempt of the 1982 permanent injunction. Appellant appealed to this court, and we affirmed the trial court's decision in a May 20, 1985 opinion. The trial court again found appellant in contempt of the same injunction in a judgment entry dated March 21, 2002. On December 8, 2002, the trial court denied appellant's motion for a new trial and for relief from judgment, and this court affirmed the decision of the trial court. Bd. Trustees of Chester Twp. v. Baumgardner, 11th Dist. No. 2002-G-2430, 2003-Ohio-4361.
 {¶ 5} On January 17, 2003, appellant filed an amended complaint for "equitable relief and monetary damages and declaratory judgment," demanding a jury trial. Named as defendants were the Board; zoning inspector Joyce; and individual trustees Mula, Bear, and Montague, each in their official capacity. Appellant stated, "[p]laintiff brings this action under ORC 519.02 to 519.25 [and] ORC 2329.07 and pursuant to ORC Chapter 2721 for a judgment declaring that the denial of the plaintiff uses of the subject real property owned by Master Realty located in a commercial district in Chester Township is unconstitutional according to the dictates of the Ohio Supreme Court in Goldberg Cos., Inc. v. RichmondHts. City Council (1998), 81 Ohio St.3d 1517 * * *." He further indicated, "[p]laintiff herein William Godale DBA Bill's Auto is the business owner of the certain real property owned by Master Realty on 8216 Mayfield Rd A Corner lot of 7.33 acres on the north east corner of Valley View [and] Mayfield." Appellant asserted in his complaint that "Master Realty was never served or properly made a party to said suit, nor is it otherwise bound by the terms of said injunction."
 {¶ 6} Appellant continued, "[w]herefore the Plaintiff demands an injunction against Defendants from further enforcement of the 1982 injunction and interference with the Plaintiff Auto related business, restore any involuntary decontinuance [sic] rights of the use of the property at 8216 Mayfield furthermore the costs of lawyer fees, fines zoning application fees be paid by the Defendants further more the cost to reestablish a gas service station including tanks, pumps, etc. * * *
 {¶ 7} "Furthermore, Plaintiff Demands fair compensation for the taking of its property, compensatory damages of $500,000, punitive damages of $1 Million and other such relief as the court deems just."
 {¶ 8} As such, it is apparent that appellant's amended complaint alleged that the zoning ordinance was unconstitutional as applied in this matter.
 {¶ 9} Appellees timely answered, asserting various affirmative defenses, including res judicata.
 {¶ 10} Appellees propounded requests for admissions, requests for production of documents, and interrogatories upon appellant on January 18, 2003. Appellant filed the following answers to requests for admissions:
 {¶ 11} "2. * * * Master Realty is an Ohio Corporation:
 {¶ 12} "ANSWER: The answer is unknown at this time to whether the plaintiff, William Godale is stockholder of Master Realty or as owner of Ohio Corporation.
 {¶ 13} "3. * * * Master Realty is the owner of the premises known as 8216 Mayfield Road, Chester Township, Ohio.
 {¶ 14} "ANSWER: Yes, Master Realty is the owner of 8216 Mayfield Road Chester Township, Ohio 44126 since 1982.
 {¶ 15} "4. * * * William Godale is the sole shareholder of Master Realty.
 {¶ 16} "ANSWER: Admit.
 {¶ 17} "5. * * * William Godale is the Plaintiff in the case at bar.
 {¶ 18} "ANSWER: Admit.
 {¶ 19} "6. * * * Master Realty and William Godale are in privity at all times relevant to the case at bar.
 {¶ 20} "ANSWER: Objection.
 {¶ 21} "7. * * * Chester Township Board of Zoning Appeals and Chester Township are in privity at all times relevant to the case at bar.
 {¶ 22} "ANSWER: Objection — However plaintiff does not believe there to be privity between corporation and plaintiff. There is not sufficient information to answer at this time."
 {¶ 23} Appellant's responses were signed by his attorney, but appellant never certified his answers to be true and accurate to the best of his knowledge and belief.
 {¶ 24} Appellees moved for summary judgment on January 26, 2004. Attached to appellees' motion were numerous documents, including appellant's response to appellees' request for admissions, interrogatories, and request for documents, and various judgment entries and opinions illustrating the history of the ongoing dispute between the parties.
 {¶ 25} Appellant filed a brief in opposition to summary judgment, attaching to his brief various cancelled checks from Valley View Products, signed by appellant, and made out to Mike Mills, ranging from February 1981 to October 1994. Appellant also attached a portion of his deposition, taken November 11, 2003. In his deposition, he stated that he was president of Master Realty, having owned 100 percent of its stock since July 1, 1982.
 {¶ 26} In a judgment entry, dated March 31, 2004, the trial court granted appellees' motion for summary judgment.
 {¶ 27} From this judgment, rather than asserting assignments of error as required by App.R. 16 and Loc.R. X(C)(3), appellant set forth the following "propositions of law":
 {¶ 28} "[1.] The Trial Court erred by deeming admissions admitted where Appellee miscited the applicable standard for deeming admissions admitted under Ohio Rule of Civil Procedure 36 by stating that the objections were not signed and therefore are inoperative, and they trial [sic] court relied upon this in granting Summary Judgment for Appellee.
 {¶ 29} "[2.] The Trial Court abused its discretion in applying the doctrine of res judicata to Appellant's claims, because there was never a valid, final judgment rendered upon the merits based upon any claim arising out of the transaction or occurrence that was the subject matter of a previous action.
 {¶ 30} "[3.] The Trial Court weighed the evidence in deciding on Appellee's Motion for Summary Judgment, whereby violating Appellant's right to a trial by jury in violation of the Due Process Clause of theFifth Amendment of the United States Constitution and Section 16, ArticleI of The Ohio Constitution."
 {¶ 31} The crux of the assignments of error is that the trial court erred by granting summary judgment to appellees. We disagree.
 {¶ 32} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389;Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268,1993-Ohio-12; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146.
 {¶ 33} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner,67 Ohio St.3d 337, 340, 1993-Ohio-176, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 34} A party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. Accordingly, the moving party must specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id. If the moving party satisfies its initial burden under Civ.R. 56(C), the nonmoving party has the reciprocal burden to respond, by affidavit or as otherwise provided in the rule, so as to demonstrate that there is a genuine issue of fact. Id. However, if the nonmoving party fails to do so, then the trial court may enter summary judgment against that party. Id.
 {¶ 35} In appellant's first assignment of error, appellant argues that the trial court erred by deeming his admissions admitted. We disagree.
 {¶ 36} Appellant's answers and objections to appellee's request for admissions were signed by appellant's attorney, but appellant did not verify the accuracy of these responses by affidavit. However, under the Civil Rules, averments made by counsel in a pleading are binding upon a party. Badalamenti v. Kirkland (Nov. 29, 1991), 1991 Ohio App. LEXIS 5709, at 9, citing Civ.R. 8(D). Appellant's answers and objections were operative, even though he did not verify the accuracy of his responses. Id. at 9.
 {¶ 37} Further, appellant provided a general objection to appellee's sixth request for admission. That request stated, "Master Realty and William Godale are in privity at all times relevant to the case at bar." A general objection to a request for admission amounts to an admission.St. Paul Fire Marine Ins. Co. v. Battle (1975), 44 Ohio App.2d 261. Accordingly, that statement is deemed admitted.
 {¶ 38} Therefore, appellant's answers and objections, as signed by his attorney, were operative. The trial court did not err when deeming appellant's objection to appellees' sixth request for admission as an admission. Appellant's first assignment of error is, therefore, without merit.
 {¶ 39} In appellant's second and third assignments of error, he contends the trial court erred by granting summary judgment in favor of appellees. We disagree.
 {¶ 40} The seminal case discussing res judicata is Norwood v.McDonald (1943), 142 Ohio St. 299. "To determine whether a second action is based upon the same cause of action as that litigated in the former action claimed to be a bar to the second action under the doctrine of res judicata, the primary tests are the identity of investitive facts creating the right of action in each case; the identity of the evidence necessary to sustain each action; and the accrual of the alleged rights of action at the same time." Id. at paragraph four of the syllabus.
 {¶ 41} "In recent years, the court has not limited the application of the doctrine of res judicata to bar only those subsequent actionsinvolving the same legal theory of recovery as a previous action." Gravav. Parkman Twp. (1995), 73 Ohio St.3d 379, 382. "It has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been
litigated in a first lawsuit[.]" (Emphasis sic.) Natl. Amusements, Inc.v. Springdale (1990), 53 Ohio St.3d 60, 62, quoting Rogers v. Whitehall
(1986), 25 Ohio St.3d 67, 69. Moreover, according to the Supreme Court of Ohio, the doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it. Natl. Amusements, Inc. at 62.
 {¶ 42} The Supreme Court of Ohio stated, "[t]oday, we expressly adhere to the modern application of the doctrine of res judicata * * * and hold that a valid, final judgment rendered upon the merits bars allsubsequent action based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." (Emphasis added.) Grava at 382.
 {¶ 43} However, to invoke res judicata, one of the requirements is that the parties to the subsequent action must be identical to or in privity with those in the former action. Johnson's Island, Inc. v. DanburyTwp. Bd. of Trustees (1982), 69 Ohio St.2d 241, 243. In Kirkhart v.Keiper, 101 Ohio St.3d 377, 2004-Ohio-1496, the Supreme Court of Ohio stated, "[w]e have previously stated that `what constitutes privity in the context of res judicata is somewhat amorphous.'" Id. at ¶ 8, quotingBrown v. Dayton (2000), 89 Ohio St.3d 245, 248. "We have applied a broad definition to determine whether the relationship between the parties is close enough to invoke the doctrine." Kirkhart at ¶ 8. "Thus, `a mutuality of interest, including an identity of desired result' may create privity." Id. at ¶ 8, quoting Brown.
 {¶ 44} Appellees put forth evidence establishing that appellant's claims in the instant matter are barred by the doctrine of res judicata. First, appellees put forth the complaint and final judgment entry in the 1981 action, establishing that the previous matter and the instant matter involve a single set of operative facts, i.e., the facts that led to the 1981 complaint, the subsequent trial, and the injunction granted against appellant upon the Board's request. While appellant's answer in that matter has not been made part of the record in this matter, and we are unable to ascertain what affirmative defenses appellant may have presented in the earlier matter, this is not dispositive. The alleged unconstitutionality of the operative zoning ordinance could have been put forth by appellant as a defense to the Board's 1981 complaint for a permanent injunction. Nothing in the record indicates that appellant put forth such an argument, and appellant admits in his appellate brief that he "has never even challenged the constitutionality of the Chester Township Zoning Code in the 1981 Litigation." It follows that appellant cannot put forth such an argument in a separate suit over twenty years after the trial court granted an injunction against appellant pursuant to the zoning ordinance.
 {¶ 45} Appellees also put forth evidence establishing privity between the parties to the earlier action and the parties to the instant matter. The first action was initiated by the Board, who is also a defendant-appellee in this matter. Other defendantsappellees in this matter are three individual trustees of the Board and a zoning inspector, all acting in their official capacities on behalf of the Board. It follows that the plaintiff in the first action is in privity with the defendants-appellees in this matter.
 {¶ 46} Further, appellees put forth evidence demonstrating that appellant, "d/b/a Texaco Gas Station, 8216 Mayfield Road," was the defendant in the prior action. The judgment entry in the prior action indicated that appellant, or his agents, servants, heirs, successors, andassigns, were enjoined from engaging in certain activities. Appellees' request for admissions and appellant's deposition also affirmatively indicated that that, since 1982, he was the owner of the property located at 8216 Mayfield Road, in Chester Township, Ohio 44126, and that he was the sole shareholder of Master Realty. In his complaint, appellant alleged that Master Realty was never made a party in the earlier suit and, thus, is not bound by the 1982 injunction.
 {¶ 47} However, a corporation is in privity with its sole shareholder. Grant Fritzsche Ent., Inc. v. Fritzsche (1995),107 Ohio App.3d 23. See, also, Keeley Assoc., Inc. v. IntegritySupply, Inc. (1997), 120 Ohio App.3d 1; Yo-Can, Inc. v. YogurtExchange, Inc. (Dec. 17, 1998), 7th Dist. No. 95 CA 72, 1998 Ohio App. LEXIS 6197, at 12-13; Leonard v. Bank One of Youngstown (Dec. 24, 1997), 7th Dist. No. 96-CA-72, 1997 Ohio App. LEXIS 6076. It follows that appellant, who admitted in his deposition that he was the sole shareholder of Master Realty, is in privity with Master Realty. Moreover, pursuant to our disposition of appellant's first assignment of error, appellant also admitted that he is in privity with Master Realty in his response to appellees' request for admissions.
 {¶ 48} To summarize, appellees put forth evidence establishing that appellant could have asserted the alleged unconstitutionality of the zoning ordinance in the earlier matter, and the parties in the instant matter are in privity with the parties to the earlier matter. Appellees thus satisfied their burden to put forth evidence demonstrating that appellant's claim is barred by the doctrine of res judicata.
 {¶ 49} Appellant failed to counter appellees' motion for summary judgment with anything other than bald allegations, and mere allegations in appellant's pleadings are insufficient to affirmatively demonstrate a genuine issue of material fact. Dresher at 293. Appellant attached to his brief a portion of his deposition, in which he stated that he was president of Master Realty, having owned one hundred percent of its stock since July 1, 1982. These statements actually support appellees' argument that appellant and Master Realty are in privity and that appellant's current claim is barred by the doctrine of res judicata.[1]
Accordingly, appellant failed to meet his reciprocal burden to affirmatively demonstrate a genuine issue of material fact.
 {¶ 50} Contrary to appellant's contention, a trial court does not infringe upon a right to trial by jury when granting summary judgment.Security Natl. Bank and Trust Co. v. Jones, 2d Dist. No. 2000-CA-59, 2001-Ohio-1534; Houk v. Ross (1973), 34 Ohio St.2d 77, 83-84.
 {¶ 51} We also note that a comparison of the 1977 zoning resolution, which was in effect when the injunction was issued, and the 2003 version, currently in effect, demonstrates that the resolution has not been modified in such a way to justify lifting the permanent injunction. Both versions of the resolution limit the storage of abandoned and inoperable automobiles and prohibit storage of items on a property in such a way as to block the view of oncoming traffic. However, the relevant portions of the current version are actually stricter than the version in effect in 1981. For example, the current version specifically prohibits the storage of inoperable vehicles on a property unless they are concealed from view by screening or in a fully enclosed building, and that version also prohibits junk yards or the storage of junk on property in the township.
 {¶ 52} The trial court properly granted summary judgment to appellees. We hereby affirm the judgment of the trial court.
Ford, P.J., O'Neill, J., concur.
[1] Appellant also attached to his brief various cancelled checks from Valley View Products, signed by appellant, and made out to Mike Mills, ranging from February 1981 to October 1994. However, appellant's brief does not articulate, and we are unable to ascertain, the significance of these checks.