OPINION
{¶ 1} Plaintiff-appellant, Kevin A. Tolliver, appeals from a judgment of the Franklin County Court of Common Pleas denying his Civ.R. 60(B) motion. For the following reasons, we affirm.
 {¶ 2} On February 14, 2003, Tolliver, acting pro se, filed a complaint against defendant-appellee, Liberty Mutual Group ("Liberty Mutual"), and asserted that Liberty Mutual breached his homeowners insurance policy when it denied his claim for the loss of personal property. In its answer and counterclaim, Liberty Mutual maintained that it did not owe Tolliver any coverage because he misrepresented the location of his primary place of residence in his application for insurance and during the processing of his claim.
 {¶ 3} Upon the filing of Tolliver's complaint, the Clerk of Court of the Franklin County Court of Common Pleas ("clerk") issued an original case schedule setting February 25, 2004 as the trial date. On January 23, 2004 — approximately one month before the trial date — Tolliver filed a motion requesting that the trial court order the Ohio Department of Rehabilitation and Correction ("ODRC") to transport him from Ross Correctional Institution to the courthouse for the pre-trial conference and trial. Tolliver's incarceration for murder, which began prior to the filing of this action, necessitated such an order. See Statev. Tolliver, Franklin App. No. 02AP-811, 2004-Ohio-1603, not accepted for review, 2004-Ohio-3980. The trial court, however, denied Tolliver's motion on January 30, 2004.
 {¶ 4} On February 4, 2004, Liberty Mutual filed a motion for summary judgment. The trial court never ruled upon this motion.
 {¶ 5} On February 25, 2004, the trial court called Tolliver's action for trial. Not surprisingly, Tolliver failed to appear. Additionally, no attorney appeared on Tolliver's behalf. Accordingly, the trial court orally rendered a verdict in Liberty Mutual's favor for Tolliver's failure to prosecute his claim.
 {¶ 6} On March 3, 2004, Tolliver filed a notice of appeal from the trial court's January 30, 2004 order denying his motion for transportation. In this notice, Tolliver characterized his appeal as interlocutory and stated that the underlying civil action remained pending. Although this latter statement was technically correct, the trial court officially terminated the action only two days later with a judgment entry ordering Tolliver's action dismissed.
 {¶ 7} Apparently, the clerk failed to serve Tolliver with the March 5, 2004 dismissal order in accordance with Civ.R. 58(B). However, by March 23, 2004, Tolliver determined from his review of the case docket that the trial court had issued an order terminating his action. Tolliver requested that the clerk mail him a copy of this final order, which he received on April 27, 2004. In the meantime, Tolliver filed a "Motion to Vacate Judgment and Reinstate Cause to the Trial Court's Docket." This April 19, 2004 motion requested that the trial court vacate an unspecified judgment pursuant to Civ.R. 60(B)(5) because Liberty Mutual failed to serve Tolliver with its motion for summary judgment.
 {¶ 8} Even as Tolliver continued to file motions before the trial court, his appeal progressed. The appeal centered on one issue: the trial court's refusal to order ODRC to transport Tolliver for the preliminary hearing and trial. On November 30, 2004, this court affirmed the trial court's decision to deny Tolliver's motion for transportation.
 {¶ 9} One day prior to the release of this court's judgment, Tolliver filed a notice of appeal from the March 5, 2004 order dismissing his action, along with a motion to file a delayed appeal or, in the alternative, to amend his appellate case. On January 14, 2005, this court denied Tolliver's motion, finding that a motion for leave to file a delayed appeal was not appropriate in a civil case and amendment was not possible as we had already determined the appeal.
 {¶ 10} Undeterred, Tolliver next filed an "Amended Motion to Vacate Judgment and Reinstate Cause to the Trial Court's Docket" before the trial court on April 1, 2005. In this motion, Tolliver argued that he was entitled to relief from the trial court's March 5, 2004 order under Civ.R. 60(B)(1), (3), and (5). Tolliver also requested an evidentiary hearing.
 {¶ 11} On June 27, 2005, the trial court issued a judgment and entry denying both Tolliver's original and amended motions for Civ.R. 60(B) relief. Tolliver now appeals from this judgment.
 {¶ 12} On appeal, Tolliver assigns the following errors:
[1.] THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION TO VACATE JUDGMENT PURSUANT TO CIV.R. 60(B) WHERE:
A.) Plaintiff's absence at trial was "Excusable Neglect" where a continuance was sought — Civ.R. 60(B)(1);
B.) Trial Court's failure to serve the final appealable order was "Mistake" or "Inadvertence" which requires relief from judgment — Civ.R. 60(B) (1 and 5);
C.) Defendant's refusal to relinquish the depositions as properly requested discovery, upon which rests their sole stated claim of defense is "Fraud" or "Misconduct" — Civ.R. 60(B)(3), [and]
Further Defendant's [sic] making reference to those same fictitious (or exculpatory) documents within [it's] [sic] motion for summary judgment without attaching those alleged exhibits is "Fraud Upon the Court" — Civ.R. 60(B)(5).
[2.] THE TRIAL COURT ERRED IN NOT HOLDING AN EVIDENTIARY HEARING TO APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
 {¶ 13} By Tolliver's first assignment of error, he argues that the trial court erred in denying his amended Civ.R. 60(B) motion. We disagree.
 {¶ 14} In order to succeed on a Civ.R. 60(B) motion, the moving party must demonstrate that:
(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. Should the moving party fail to satisfy any one of these requirements, a court must deny Civ.R. 60(B) relief. Svoboda v. Brunswick (1983),6 Ohio St.3d 348, 351. Appellate courts review a decision denying a Civ.R. 60(B) motion for abuse of discretion. In re Whitman,81 Ohio St.3d 239, 242, 1998-Ohio-466.
 {¶ 15} In the case at bar, the trial court did not address the first GTE factor — the existence of a meritorious claim and defense. Nevertheless, we conclude that Tolliver satisfied this factor. Our review of the record shows that Tolliver produced evidence, including his own and others' affidavits, to support his breach of contract claim and to defend against Liberty Mutual's declaratory judgment claim.
 {¶ 16} Next, we turn to the third GTE factor and Liberty Mutual's argument, asserted for the first time on appeal, that Tolliver's amended Civ.R. 60(B) motion was untimely. In support of its argument, Liberty Mutual points out that Tolliver first sought relief under Civ.R. 60(B)(1) and (3) in his amended motion, which Tolliver filed on April 1, 2005 — over one year after the March 5, 2004 judgment. Because a motion relying upon Civ.R. 60(B)(1) and (3) grounds must be filed within one year of the judgment, Liberty Mutual urges this court to conclude that Tolliver failed to satisfy the third GTE requirement.
 {¶ 17} Although a one-year time limitation applies to motions relying upon Civ.R. 60(B)(1) and (3) grounds, an appeal tolls this limitation until the appeal is decided. Wells v. SpiritFabricating, Ltd. (1996), 113 Ohio App.3d 282, 290. See, also,Bd. of Trustees v. Baumgardner, Geauga App. No. 2003-G-2492,2004-Ohio-3683, at ¶ 13 ("[B]ecause the pendency of an appeal prevents the trial court from entertaining a Civ.R. 60(B) motion, it necessarily follows that an appeal tolls the one-year time limitation until the appeal is decided.").[1] Here, Tolliver filed his amended Civ.R. 60(B) motion approximately 13 months after the March 5, 2004 judgment, but the pendency of his appeal prevented nine of those months from counting towards the one-year time limitation. Thus, we conclude that Tolliver's amended motion, filed only four months after this court decided his appeal, satisfied the one-year time limitation.
 {¶ 18} Given that Tolliver has met the first and third GTE
factors, the outcome of this case turns upon whether he has also demonstrated one of the Civ.R. 60(B) grounds for relief. Tolliver first argues that he is entitled to relief under Civ.R. 60(B)(1) because his absence at trial amounted to excusable neglect. We disagree.
 {¶ 19} Initially, we question whether Tolliver's failure to appear at trial constitutes "neglect." Generally, as it is used in Civ.R. 60(B)(1), "neglect" encompasses situations in which a party fails to act through carelessness or a faultless omission, and not situations in which a party is prevented from acting by forces beyond his or her control. Pioneer Invest. Services Co.v. Brunswick Assoc. Ltd. Partnership (1993), 507 U.S. 380, 394,113 S.Ct. 1489, 1497-1498 ("Because of the language and structure of Rule 60(b), a party's failure to file on time for reasons beyond his or her control is not considered to constitute `neglect.'"). Here, involuntary incarceration, rather than carelessness, caused Tolliver's absence from trial. Consequently, the judgment did not result from Tolliver's "neglect."
 {¶ 20} Furthermore, even if Tolliver's absence at trial was a result of neglect, it was not excusable. A determination of whether neglect is excusable or not "`must of necessity take into consideration all the surrounding facts and circumstances.' "Griffey v. Rajan (1987), 33 Ohio St.3d 75, 79, quoting Colleyv. Bazell (1980), 64 Ohio St.2d 243, 249. Although courts have had difficulty defining and applying the concept of "excusable neglect," the Supreme Court of Ohio has held that "the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Kay v. MarcGlassman, Inc., 76 Ohio St.3d 18, 20, 1996-Ohio-430, quotingGTE Automatic Elec., Inc., supra, at 153.
 {¶ 21} In the case at bar, Tolliver knew from the beginning of his case that a trial would occur on February 25, 2004. Tolliver also knew that his incarceration would, at the very least, present an obstacle to his presence at that trial. Nevertheless, Tolliver failed to pursue any method of prosecuting his case that did not require his presence at trial, such as the use of depositions. Further, Tolliver chose to wait until only a month before the trial before filing a motion for transportation. Then, after the trial court denied his motion, Tolliver failed to ask for a continuance of the trial so that he could determine a viable recourse. Given these circumstances, we conclude that Tolliver's inaction constituted a complete disregard for the judicial system.
 {¶ 22} Tolliver, however, argues that his absence at trial was excusable because he filed three "curative" motions that sought alternative means to adjudicate his case. Tolliver mischaracterizes these "curative" motions. Two of these motions sought redress for discovery issues instead addressing the dilemma his incarceration posed to his prosecution of his case. The other motion, one for summary judgment, was filed after the trial date had passed. Thus, none of these motions contradict our conclusion that Tolliver's inaction was inexcusable. Accordingly, Tolliver is not entitled to relief under Civ.R. 60(B)(1) for excusable neglect.
 {¶ 23} Second, Tolliver argues that he deserves relief under Civ.R. 60(B)(1) or (5) because the trial court's failure to serve him with the March 5, 2004 order was a mistake and/or the result of inadvertence. We disagree.
 {¶ 24} Contrary to Tolliver's contention, the clerk did
serve him with the March 5, 2004 order. Indeed, in his affidavit attached to his Civ.R. 60(B) motion, Tolliver admits that he received a copy of the order on April 27, 2004. Tolliver's receipt of the order evidences that the clerk accomplished the necessary service. State ex rel. Hughes v. Celeste,67 Ohio St.3d 429, 431, 1993-Ohio-214.
 {¶ 25} Indisputably, this service did not occur within three days of the entry of the judgment, as Civ.R. 58(B) contemplates. However, the delay of service did not effect Tolliver's right to appeal the March 5, 2004 order. App.R. 4(A) states that a party must appeal "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Thus, if service does not occur within three days, the 30-day window in which to file an appeal is tolled until the clerk accomplishes service of the judgment. Hughes,
supra, at 431. Here, Tolliver's 30-day window to appeal the March 5, 2004 order did not begin until he was served with a copy of the order. Tolliver, however, waited until November 29, 2004 — seven months after service — to file a notice of appeal. Thus, Tolliver lost his right to appeal through his own lack of diligence, not through a mistake or the inadvertence of the trial court. Consequently, Tolliver is not entitled to relief under Civ.R. 60(B)(1) or (5) for mistake or inadvertence.
 {¶ 26} Third, Tolliver argues that he deserves relief under Civ.R. 60(B)(3) or (5) because Liberty Mutual committed fraud in refusing to provide him with certain discovery and in relying upon that discovery in its summary judgment motion. We disagree.
 {¶ 27} The resolution of a Civ.R. 60(B) motion requires consideration of two competing principles: the principles of finality and perfection. Knapp v. Knapp (1986),24 Ohio St.3d 141, 144. See, also, Whitman, supra, at 242 ("Civ.R. 60[B] seeks a balance between the need for finality and the need for fair and equitable decisions based upon full and accurate information."). Finality requires that each lawsuit end at some point, thus producing certainty and public confidence in the judicial system's ability to resolve disputes. Knapp, supra, at 144-145. Perfection requires that every case be litigated until a perfect result is achieved. Id. at 145. Only if a party can show that a judgment is imperfect due to one of the Civ.R. 60(B) reasons may a court subvert the need for finality in favor of the principal of perfection by vacating the judgment. See OhioValley Mall Co. v. Lemstone, Inc., Mahoning App. No. 00-C.A.-130, 2002-Ohio-1556, at ¶ 50 ("[T]he movant must contend that the judgment is in error in some way, either in its origin or in its continued effect.").
 {¶ 28} Here, Tolliver cannot show that the March 5, 2005 judgment is rendered imperfect, or is otherwise impacted, by the alleged fraud in the discovery process or Liberty Mutual's use of certain documents to support its summary judgment motion. The March 5, 2004 judgment was based upon Tolliver's failure to prosecute, and the alleged fraud in no way impugns a judgment reached upon that basis. Therefore, Tolliver is not entitled to relief under Civ.R. 60(B)(3) or (5) for fraud.
 {¶ 29} Because Tolliver failed to show he was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), we overrule his first assignment of error.
 {¶ 30} By Tolliver's second assignment of error, he argues that the trial court erred in not holding an evidentiary hearing on his Civ.R. 60(B) motion. We disagree. If a moving party fails to allege operative facts that would warrant relief under Civ.R. 60(B), a trial court may deny the motion without a hearing.Cuervo v. Snell (1998), 131 Ohio App.3d 560, 569. As we concluded above, Tolliver did not allege facts to establish a Civ.R. 60(B) ground for relief. Therefore, the trial court was not required to hold an evidentiary hearing.
 {¶ 31} Accordingly, we overrule Tolliver's second assignment of error.
 {¶ 32} Finally, we note that Tolliver requests that this court sanction Liberty Mutual with a verbal reprimand and an order directing it to give him copies of the disputed discovery documents. We decline to do so. Nothing in Liberty Mutual's conduct before this court requires sanctioning.
 {¶ 33} For the foregoing reasons, we overrule Tolliver's first and second assignments of error and affirm the judgment of the Franklin County Court of Common Pleas. Further, we deny Tolliver's request for sanctions.
Judgment affirmed; request for sanctions denied.
Petree and McGrath, JJ., concur.
[1] We note that in Stuller v. Price, Franklin App. No. 02AP-29, 2003-Ohio-583, at ¶ 44-47, this court found that the pendency of an appeal, which tolls the one-year time limitation, does not similarly effect the separate "reasonable time" requirement. However, based upon the facts of this case, we conclude that Tolliver filed his amended Civ.R. 60(B) motion within a reasonable time.