OPINION
{¶ 1} William Godale appeals from the judgment of the Geauga County Court of Common Pleas, denying his motions to dismiss, for a new trial, for reconsideration, and for findings of fact and conclusions of law, all arising in relation to a contempt citation. We dismiss for lack of a final appealable order.
 {¶ 2} July 2, 1982, the trial court permanently enjoined Mr. Godale from storing various types of vehicles and "junk" on his premises at 8216 Mayfield Road, Chesterland, Ohio. December 6, 2000, the Board of Trustees of Chester Township filed a show cause motion against Mr. Godale for alleged violations of this injunction. Mr. Godale opposed, then filed a motion to modify the injunction, which the trial court denied. Mr. Godale filed a further motion seeking relief from the injunction, or for reconsideration, which was also denied. The trial court found him in civil contempt, and provided purge conditions. The Board filed a motion to impose sanctions July 30, 2002.
 {¶ 3} Mr. Godale appealed the trial court's denial of his motion to modify the injunction, and the contempt citation. The Board's motion to impose sanctions was stayed. August 15, 2003, in Bd. of Trustees ofChester Twp. v. Baumgardner, 11th Dist. No. 2002-G-2430, 2003-Ohio-4361, this court held that Mr. Godale's assignment of error concerning modification of the injunction should not be considered, pursuant to App.R. 12(A)(2), due to failure to comply with the requirements of App.R. 16(A)(7) and Loc.R. 12(C)(4). Baumgardner at ¶ 8-9. We dismissed his remaining twelve assignments of error for lack of a final appealable order, since each related to the contempt citation, for which no penalty had yet been imposed. Id. at ¶ 10, 14. Only the imposition of a penalty or sanction renders a contempt citation final and appealable. Id. at ¶ 12.
 {¶ 4} The trial court scheduled a hearing on the July 2002 motion to impose sanctions for January 21, 2005. The hearing finally went forward March 4, 2005. March 24, 2005, the trial court found Mr. Godale in contempt, and gave him until April 4, 2005, to purge.
 {¶ 5} April 4, 2005, Mr. Godale dismissed his counsel, and filed a pro se motion for a stay of the proceedings or a temporary restraining order. April 20, 2005, he moved for a hearing on these motions. The Board opposed. On May 9, 2005, the trial court denied all of Mr. Godale's motions.
 {¶ 6} May 23, 2005, Mr. Godale moved to dismiss for lack of subject matter jurisdiction, for a new trial, for reconsideration, and for findings of fact and conclusions of law. The Board opposed. June 15, 2005, the trial court denied all of Mr. Godale's motions.
 {¶ 7} June 23, 2005, Mr. Godale moved the trial court to amend its June 15, 2005 judgment entry to make it final and appealable. July 1, 2005, the trial court obliged by finding there was "no just reason for delay." July 15, 2005, Mr. Godale noticed this appeal, making four assignments of error.
 {¶ 8} April 4, 2006, the Board filed a second motion to impose sanctions. Hearing was held June 22, 2006. July 5, 2006, the trial court imposed sentence on Mr. Godale for failure to comply with the purge conditions set forth in its March 24, 2005 contempt citation.
 {¶ 9} "Ohio courts have repeatedly held that contempt of court consists of two elements: (1) a finding of contempt; and (2) the imposition of a penalty or sanction. * * * Until both elements of contempt have been satisfied, there is no final order from which an appeal can be taken." Baumgardner at ¶ 11. (Internal cites omitted.) This appeal stems from the trial court's June 15, 2005 denial of the assorted motions filed by Mr. Godale on May 23, 2005. Those motions, in turn, related back to the trial court's May 9, 2005 denial of Mr. Godale's April 2005 motions. All of those motions stemmed from the March 24, 2005 contempt citation. Sanctions were not imposed for that March 24, 2005 contempt finding until July 5, 2006. Consequently, this appeal must be dismissed, as the order from which it arises was not final for nearly a year following notice of this appeal.[1]
 {¶ 10} Mr. Godale timely noticed appeal from the July 5, 2006 order of the trial court imposing sanctions in these contempt proceedings. Thus, the interlocutory orders subject of this appeal may be dealt with properly in that case, 11th Dist. No. 2006-G-2721.
 {¶ 11} The appeal is dismissed.
CYNTHIA WESTCOTT RICE, J., concurs,
WILLIAM M. O'NEILL, J., dissents with Dissenting Opinion.
[1] We note that in his various motions subject of this appeal, Mr. Godale argued that a change in circumstances nullified the effect of the permanent injunction at issue. We agree that a change in circumstances may serve as the basis to modify a permanent injunction. See, e.g.,Kitchen v. Morris (June 25, 1985), 5th Dist. No. 44-CA-84, 1985 Ohio App. LEXIS 8206, at 4. We think the issue is best raised before the trial court by way of a motion to modify the injunction, addressed to that court's inherent equity powers, or made under Civ.R. 60(B). See, generally, 56 Ohio Jurisprudence 3d (2003), 379-380, Injunctions, Sections 207-208. However, the issue is not one we can reach on this appeal, simply because we lack jurisdiction of non-final orders — such as those at issue.