OPINION
{¶ 1} William Godale appeals from the judgments of the Geauga County Court of Common Pleas, finding him in contempt, and imposing sanctions. We affirm. *Page 2 
 {¶ 2} This saga commences no later than February 20, 1982, when the Board of Trustees of Chester Township moved the trial court, amongst other relief, for preliminary and permanent injunctions against Mr. Godale and other defendants, to prevent them from storing abandoned and unlicensed vehicles, and other junk, at 8216 Mayfield Road, in violation of the township zoning resolution. This became Case No. 81 M 167. Mr. Godale is the sole officer and shareholder of Master Realty, the Ohio Corporation owning those premises. July 2, 1982, the trial court issued a permanent injunction, enjoining Mr. Godale from spray painting, storing for sale, repair or maintenance, trucks, trailers, and other vehicles, and from collecting "junk" on the property.
 {¶ 3} December 7, 1983, the Board of Trustees moved for a show cause order, finding Mr. Godale in contempt of the 1982 injunction. May 21, 1984, the trial court found Mr. Godale in contempt, sentencing him to ten days in jail, and a $500 fine. Mr. Godale appealed. We affirmed.Bd. of Trustees of Chester Twp. v. Baumgartner (May 17, 1985), 11th Dist. No. 1190, 1985 Ohio App. LEXIS 7717 ("Godale I").
 {¶ 4} Mr. Godale made various attempts throughout the years to obtain zoning for an automotive business at 8126 Mayfield Road, all without success. In December of 2000, the Board of Trustees filed another show cause motion against him, based on the 1982 injunction. Bd. of Trusteesof Chester Twp. v. Baumgardner, 11th Dist. No. 2002-G-2430, 2003-Ohio-4361, at ¶ 2 ("Godale II"). Mr. Godale opposed; he further moved the trial court to modify the injunction, which request was denied. Id. at ¶ 3. He then filed a second motion for relief from the injunction, or for reconsideration, Civ.R. 60(B). Id. In support, he argued that a change in circumstances — i.e., the obtaining of a *Page 3 
township permit to operate a towing service, and a state license to deal in used cars-nullified the force of the injunction. Id.
 {¶ 5} The trial court held hearing February 25, 2002. Godale II, at ¶ 4. March 21, 2002, the trial court issued its judgment entry, denying Mr. Godale's motion for relief or for reconsideration, finding him guilty of civil contempt, and sentencing him to jail and a fine. Id. The trial court set purge conditions. Id.
 {¶ 6} April 19, 2002, Mr. Godale appealed, assigning thirteen errors.Godale II at ¶ 5, 10. One assignment of error challenged the trial court's denial of his motion to modify the 1982 injunction. Id. at ¶ 5. We disregarded this assignment, App.R. 12(A)(2), and found it without merit, due to Mr. Godale's failure to properly brief the matter pursuant to App.R. 16(A)(7) and former Loc.R 12(C). Godale II at ¶ 6-9, 14. We found the remaining assignments of error premature, as each pertained to the finding of contempt, for which sanctions had not yet been imposed. Id. at ¶ 10-14.
 {¶ 7} November 7, 2002, while Godale II was pending, Mr. Godale moved the trial court for a new trial; the next day, he filed an amended motion for relief from judgment with that court. Bd. of Trustees ofChester Twp. v. Baumgardner, 11th Dist. No. 2003-G-2492, 2004-Ohio-3683, at ¶ 5 ("Godale III"). Each motion was based on alleged newly-discovered evidence. Id. December 3, 2002, the trial court denied Mr. Godale's motions. Id. at ¶ 6. Mr. Godale timely appealed. We found the trial court's rulings to be null and void, due to the pendency ofGodale II on appeal. Id. at ¶ 17.
 {¶ 8} On or about January 17, 2003, Mr. Godale filed a complaint for equitable relief, money damages, and declaratory judgment against the Board of Trustees, the trustees individually, and the Chester Township zoning inspector. Godale v. Chester Twp. Bd. of Trustees, *Page 4 
11th Dist. No. 2004-G-2571, 2005-Ohio-2521, at ¶ 5 ("Godale IV"). In effect, Mr. Godale challenged the constitutionality of the zoning ordinance applied by the 1982 injunction. Id. at ¶ 8. The trial court granted defendants summary judgment; and, Mr. Godale appealed. Cf. Id. at ¶ 24-27. In pertinent part, we held that Mr. Godale's failure to challenge the constitutionality of the zoning ordinance as it existed when the 1982 injunction was issued, in Godale I, prevented him from challenging it thereafter, due to res judicata. Godale IV at ¶ 44. We further held that the ordinance, amended in 1996, still supported the 1982 injunction. Id. at ¶ 51.
 {¶ 9} March 4, 2005, the trial court held hearing regarding imposition of sanctions for its March 21, 2002 contempt finding against Mr. Godale.Bd. of Trustees of Chester Twp. v. Baumgardner, 11th Dist. No. 2005-G-2652, 2007-Ohio-470, at ¶ 4 ("Godale V"). March 24, 2005, the trial court renewed its finding of contempt, but allowed Mr. Godale until April 4, 2005, to purge. Id. Mr. Godale failed to purge by that date: rather, he filed to stay or for a temporary restraining order. Id. at ¶ 5. He then filed for a hearing on these motions. Id. The trial court denied these motions; and, Mr. Godale moved to dismiss for lack of subject matter jurisdiction, for a new trial, for reconsideration, and for findings of fact and conclusions of law. Id. at ¶ 6. The trial court denied these motions. Id. Mr. Godale appealed. Id. at ¶ 7. February 2, 2007, we dismissed the appeal in Godale V, since it did not arise from a final, appealable order, no contempt sanctions having been imposed when the appeal was taken. Id. at ¶ 9-11.
 {¶ 10} In August of 2005, Mr. Godale appealed from a judgment of the trial court denying his motion to add additional parties. Bd. ofTrustees of Chester Twp. v. Baumgardner, *Page 5 
11th Dist. No. 2005-G-2664 ("Godale VI"). March 31, 2006, we dismissed that appeal, sua sponte, for failure to prosecute.
 {¶ 11} In January of 2006, Mr. Godale petitioned in prohibition against the Geauga County Court of Common Pleas, and the Township of Chester, asserting the trial court lacked jurisdiction to enforce the 1982 injunction, due to the change in circumstances first alleged relative to the motion for reconsideration denied by that court in its March 21, 2002 judgment entry. Cf. State ex rel. Godale v. Geauga Cty.Ct. of Common Pleas, 166 Ohio App.3d 851, 2006-Ohio-2500, at ¶ 4
("Godale VII"). We dismissed the petition, holding that the trial court retained jurisdiction regarding civil actions for injunctive relief, Id. at ¶ 10-15; that challenges to that jurisdiction could only be through direct appeal, cf. Id. at ¶ 12-14; and, that the township was not subject of the writ requested. Id. at ¶ 16.
 {¶ 12} April 4, 2006, the Board filed a second motion to impose sanctions relative to the trial court's March 21, 2002 finding of contempt against Mr. Godale. Godale V at ¶ 8. Hearing was held June 22, 2006; and, July 5, 2006, the trial court imposed sentence on Mr. Godale for failure to purge. Id. Mr. Godale timely noticed this appeal, 11th Dist. No. 2006-G-2721 ("Godale VIII"). Pursuant to our decision inGodale V, we issued a judgment entry in this case on or about February 13, 2007, ordering the briefs and assignments of error filed inGodale V to be filed in this case, for full consideration. Id. at ¶ 10.
 {¶ 13} In Godale V, Mr. Godale assigned four errors from the interlocutory orders of the trial court in this contempt proceeding: *Page 6 
 {¶ 14} "[1.] Whether the appellant was subjected to selective zoning [enforcement in] violation of the Ohio and U.S. Constitutions [?]
 {¶ 15} "[2.] Whether the trial [court's] judgment is void based on the definition of towing being void and/or [vague] [?]
 {¶ 16} "[3.] Whether the trial court or Chester Township have power to enforce zoning or a [court's] order based on a 1982 [court's] order from a 1974 township resolution that was amended in 1996 and completely changed and/or subject matter jurisdiction in violation [of] ex post facto law and of other Ohio and U.S. constitutional rights [?]
 {¶ 17} "[4.] Whether the township and trial court violate Article I, § I of the Ohio Constitution as well as provisions of the United [States] Constitution [?]"
 {¶ 18} In this particular, final appeal from the imposition of contempt sanctions, Mr. Godale raises a single assignment of error:
 {¶ 19} "Whether the court of common pleas violated the appellant's rights to due process, double jeopardy and violated ex post facto laws in violation of the Ohio and United States Constitutions [?]"
 {¶ 20} By his first assignment of error, Mr. Godale asserts he has been subjected to selective, discriminatory, and unconstitutional enforcement of zoning regulations. In support of this contention, he cites his own affidavit, attached to one of the numerous motions he filed with the trial court, following its March 24, 2005 renewal of its March 21, 2002 finding of contempt. In that affidavit, Mr. Godale asserts the zoning authority of Chester Township has refused to grant him a conditional use or variance for his 8216 *Page 7 
Mayfield Road property, to run an automotive business, but that other, similarly zoned businesses exist.
 {¶ 21} Mere selective enforcement of a statute, including a zoning law, is not unconstitutional. Machnics v. Sloe, 11th Dist. No. 2004-G-2554, 2005-Ohio-935, at ¶ 63. To carry the heavy burden of showing discriminatory enforcement, a claimant cannot rely on the fact that others similarly situated have not been prosecuted. Id. The claimant must show that the selective enforcement was intentional. Id. This requires a prima facie showing of two elements: (1) that others similarly situated have not been prosecuted; and that the prosecution is invidious, being based on such considerations as race, religion or an attempt to prevent the exercise of constitutional rights. Id. at ¶ 63-64.
 {¶ 22} Mr. Godale makes no showing whatsoever that this contempt proceeding, or any of the actions by the Board over the quarter-century of this dispute, are invidious, or in bad faith. The Board has merely sought to enforce the injunction granted by the trial court. There is no constitutional right to store junk cars on a particular piece of property, simply because one wishes to engage in their marketing.
 {¶ 23} The first assignment of error is without merit.
 {¶ 24} Under his second assignment of error, Mr. Godale asserts that the definition of towing contained in the Chester Township zoning resolution is vague, and thus, void. Mr. Godale reasons as follows: (1) he has a towing permit from the township; (2) temporary storage of cars may be an incident of towing them; and (3) his towing permit allows him to store cars on his property. *Page 8 
 {¶ 25} We respectfully disagree. The definition of "towing" contained in the township zoning resolution has no more bearing on this case than whether the sky is blue. The 1982 injunction is not based, in any fashion, on that definition. The towing permit cannot be used to make an "end run" around the injunction.
 {¶ 26} The second assignment of error is without merit.
 {¶ 27} By his third assignment of error, Mr. Godale asserts that the Chester Township zoning inspector and the Geauga County Court of Common Pleas are without subject matter jurisdiction to enforce the 1982 injunction. He seems to premise this argument on the fact that the particular section of the zoning resolution upon which the injunction was based has been amended. He further argues that the 1982 injunction was without force at its inception, since his property should have been grandfathered under the prior version of the zoning resolution. His ownership of 8216 Mayfield Road evidently predates the former zoning resolution, from the early 1970s, and the property was once a gas station. He argues that enforcement of the 1982 injunction is an ex post facto violation.
 {¶ 28} Mr. Godale seems to confuse the term "subject matter jurisdiction" with whether a particular law — such as the Chester Township zoning resolution — is valid. For his benefit, we note that "subject matter jurisdiction" refers to whether a court has power to hear a particular cause of action, or grant a type of relief. InGodale VII, we pointed out to Mr. Godale that county courts of common pleas have basic statutory jurisdiction over all civil actions for injunction — including the 1982 injunction subject of this case. Id. at ¶ 13. *Page 9 
 {¶ 29} Mr. Godale's assertion that he should have been grandfathered under the zoning resolution is not relevant to this appeal. Challenges to zoning laws are within the purview of the appropriate zoning authorities, and the trial courts. The issue not having been before the trial court, we cannot hear it.
 {¶ 30} We are somewhat baffled by the assertion that enforcement of the 1982 injunction violates ex post facto principles. Both the Ohio and federal prohibitions against ex post facto laws concern criminal matters. State ex rel. Sherrills v. Franklin Cty. Clerk of Courts
(2001), 92 Ohio St.3d 402, 403. This is a civil contempt proceeding, arising from Mr. Godale's breach of a civil injunction. Further, we determined almost two years ago, in Godale IV, that res judicata barred any challenges to the constitutionality of the zoning resolution as it stood in 1982, since Mr. Godale could, and should, have raised the issue in Godale I — twenty-two years ago. Godale IV at ¶ 48. In GodaleIV, we also determined that the amended zoning resolution of Chester still supported the terms of the 1982 injunction. Id. at ¶ 51. Mr. Godale gives us no clue as to why application of that law to him is unconstitutional.
 {¶ 31} The third assignment of error is without merit.
 {¶ 32} By his fourth assignment of error, Mr. Godale requests, in effect, that this court grant him a variance to operate an automotive business at 8216 Mayfield Road. He argues that the property was built as a gas station, and is best fit for use in the automotive trade. He contends it is an unnecessary hardship not being allowed to use the property in this fashion.
 {¶ 33} Any denial of a variance requested by Mr. Godale at some point in the past is not part of this appeal. *Page 10 
 {¶ 34} The fourth assignment of error is without merit.
 {¶ 35} Under his sole assignment of error stemming from the trial court's imposition of sanctions, 2006-G-2721, Mr. Godale makes three arguments. First, he again asserts that continued application of the 1982 injunction violates the Ohio and federal prohibitions against ex post facto laws. As we noted above, this argument is both untrue, and barred by res judicata.
 {¶ 36} Second, he contends he is being placed in double jeopardy through enforcement of the 1982 injunction via contempt proceedings. This is untrue. The injunction is permanent. Repeated violations justify repeated sanctions.
 {¶ 37} Most significantly, Mr. Godale argues that a change in circumstances requires modification of the 1982 injunction. He notes that the section of the zoning resolution on which that injunction was based has been amended. He cites to the license to deal in used cars which he obtained from the state in or about 1995, and argues that the state's power to issue that license preempts Chester Township's zoning authority. He cites to his towing permit from the township, and argues that storage of vehicles is a necessary incident of the towing business.
 {¶ 38} A change in circumstances may justify a change, or even the nullification, of a permanent injunction. Johnson v. Preston, Directorof Highways (1967), 12 Ohio St.2d 100, 101-102. Such a change raises a valid defense to proceedings in contempt to enforce the injunction. Cf. id. at paragraph one of the syllabus. Consequently, the theory underlying Mr. Godale's argument is persuasive.
 {¶ 39} Unfortunately, the facts and the law of this case are not. *Page 11 
 {¶ 40} First, while it is true the state has preempted the power to license motor vehicle dealers, that preemption does not deprive a township of the power to regulate the zoning of motor vehicle sales.Sloe, supra, at ¶ 55.[1] Second, we decided, in Godale IV, that the amended zoning resolution still supports the 1982 injunction. Id. at ¶ 51. Whether termed res judicata, or collateral estoppel, the issue cannot be reopened. Cf. Sloe at ¶ 41-43.
 {¶ 41} Third, all of Mr. Godale's arguments and facts regarding change of circumstances were raised before the trial court by his motion to modify the injunction, in relation to the first show cause motion subject of this appeal. The trial court denied that motion. Mr. Godale moved the trial court for reconsideration. In its March 21, 2002 judgment entry finding Mr. Godale in contempt, the trial court denied the motion for reconsideration. Mr. Godale appealed the denial of the motion for modification, but not the denial of the motion for reconsideration, in Godale II. We overruled the relevant assignment of error, pursuant to App.R. 12(A)(2) and 16(A)(7), and found it to be without merit. Godale II at ¶ 8-9, 14.
 {¶ 42} In sum, each of the circumstances and arguments allegedly supporting a modification or nullification of the 1982 injunction has already been presented to the trial court. That court has rejected them. In Godale II, Mr. Godale had his chance to appeal *Page 12 
the issue. The appeal failed. There is no right to a second appeal on these issues. If Mr. Godale wishes to raise the change of circumstances argument against the vitality of the 1982 injunction again, the circumstances must, as a matter of law, be something different than those he has presented herein.
 {¶ 43} The assignment of error is without merit.
 {¶ 44} The judgments of the Geauga County Court of Common Pleas are affirmed.
CYNTHIA WESTCOTT RICE, P.J., WILLIAM M. O'NEILL, J., concur.
[1] As supplemental authority on this issue, Mr. Godale has submitted the recent opinion of the Supreme Court of Ohio in Am. Financial Servs.Assn. v. Cleveland, 112 Ohio St.3d 170, 2006-Ohio-6043. In that case, the court held that, "* * * any local ordinances that seek to prohibit conduct that the state has authorized are in conflict with the state statutes and are therefore unconstitutional." Id. at ¶ 46. Mr. Godale's point appears to be that the Chester Township zoning resolution, by prohibiting him from using his property for used car sales or storage, conflicts with his state-issued used car dealer's license, and thus, is unconstitutional. Mr. Godale misses the issue decided by the Supreme Court in Am. Financial Servs. Assn. Therein, the court was presented with a City of Cleveland ordinance that purported to alter standards imposed by a statewide statute governing certain types of loans. Id. at ¶ 47-49. In a nutshell, local ordinances cannot alter statewide law — but the Chester Township zoning resolution has no relationship whatsoever with the licensing of used car sales, and does not purport to alter or effect such licensing. It is directed to something entirely different: where used cars may be stored or sold. *Page 1